Linwood H. BRITTLE, Jr., and Lucille Joan Brittle, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. No. 497–61.

United States District Court S. D. California, Central Division.

June 29, 1962.

Milton Davis, Richard A. Kleinrock, Beverly Hills, Cal., for plaintiffs.

Francis C. Whelan, U. S. Atty., Walter S. Weiss, Asst. U. S. Atty., Chief, Tax Section, Richard G. Sherman, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

STEPHENS, District Judge.

By motion filed March 2, 1962, defendant moved this Court to grant a summary judgment pursuant to Fed.R.Civ.P., Rule 56(c), Title 28 U.S.C.A.

The following facts are stipulated and require no proof for the purposes of this motion:

On March 19, 1959, Bonnie Hill Homes, Inc. acquired a certain parcel of real property through purchase at a foreclosure sale held under the third deed of trust. As a result of the sale all encumbrances and liens upon the property were extinguished unless the Government liens, aggregating $10,670.18, were not affected.

The following day, Bonnie Hill Homes, Inc., as petitioner, by Glenn O. Smith, its then President, made application for discharge of the Government liens from the subject property pursuant to Section 6325 (b) (2) of the Internal Revenue Code of 1954. In the petition the petitioner's reason for requesting relief under Section 6325 is stated in Paragraph IV as being to "acquire clear and marketable title to said real property, free from such tax liens, and in order that petitioner may sell said property and obtain payment of the amount of its investment." While the petition was pending, plaintiff entered into an escrow to purchase the property from Bonnie Hill Homes, Inc. The petition was granted on December 29, 1959, with the provision that a Certificate of Discharge of the Government liens should issue upon the payment of the sum of $3,015.33 to the Government. This sum was paid by plaintiff through the escrow and purportedly under protest, and the certificate issued.

Between the time the application was filed and the time that payment was made, two Circuit Courts had come to differing views as to whether federal tax liens are effectively extinguished by foreclosure of a senior encumbrance in state proceedings to which the United States was not a party. [United States v. Brosnan (3rd Cir. 1959) 264 F.2d 762; United States v. Bank of America Nat. Trust and Savings Ass'n (9th Cir. 1959) 265 F.2d 862.] Prior to the time of payment for discharge, the Supreme Court granted certiorari on these two decisions. [361 U.S. 811, 80 S.Ct. 71, 4 L.Ed.2d 59.]

Thus, if the Supreme Court adopted the Brosnan decision as the correct interpretation of the law, plaintiff would have owed the Government nothing, since its liens being junior would have been extinguished. On the other hand, if the Supreme Court adopted the rationale of the Bank of America case, the full amount of the liens could be collected, the property being worth roughly three times this figure.

Presumably, both parties were aware of the eventualities which might stem from the Supreme Court's resolution of the conflict between the two circuits. Nevertheless, after the Government had announced the price for which it would issue the Certificate of Discharge, plaintiff paid the amount.

Plaintiff now claims that under the rule of recent United States Supreme Court decisions in United States v. Brosnan and United States v. Bank of America, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192, the Government is in no better position than other lien claimants in that local law applies to eliminate Government liens as well as private liens and that therefore the plaintiff should be refunded any amounts paid to the Gov-

ernment for release of liens on the property in question.

Briefly stated, under 26 U.S.C.A. § 6325, the person desiring the certificate discharging the Government liens submits to the District Director to whom the assessment is charged a written application requesting that a certificate be issued discharging the property from the federal liens. Petitioner submits detailed statements including the property description, reason for which the discharge is sought, description of all senior encumbrances, proof of the fair market value of the property, and any other information which the applicant believes may have a bearing on the Director's determination of value. The Director then makes a thorough analysis of the law and facts of the case, checks all material submitted for accuracy, and reaches a determination and informs the applicant of the result. If the applicant is satisfied with the Director's determination, he pays the amount specified. [Treas.Regs. 301.6325–1(b) (3) (4).]

Prior to making payments for discharge under Section 6325, 26 U.S.C.A., as amended, plaintiff had these additional options: He could bring suit against the Government for removal of a cloud on title. [§ 2410, 28 U.S.C.A.] At this time he could challenge the validity of the liens. [United States v. Coson (9th Cir. 1961) 286 F.2d 453, 457; United States v. O'Connor (2nd Cir. 1961) 291 F.2d 520, 526.] Plaintiff could simply refuse to pay the Government liens, in which case the Government could bring an action for foreclosure. [§ 7403, 26 U.S. C.A.] The legality of the lien could have been challenged as a matter of defense. [United States v. O'Connor, supra, at 527.]

Plaintiff, who stood in the shoes of its vendor (the original petitioner) chose to invoke the relief offered by the administrative procedure set forth in Section 6325, 26 U.S.C.A.

When the amount stipulated by the Commissioner was paid and the certificate issued, reciprocal obligations by which the liens were conclusively extinguished resulted, in the absence of fraud, in return for the designated payment. [In re Bowen (3rd Cir. 1945) 151 F.2d 690.] It was stipulated in this case that the payment was made under protest. The protest appears to be an attempt by plaintiff to limit plaintiff's liability to a fraction of the total lien without foreclosing the possibility of getting out without any payment at all. The question is whether the protest was effective to preserve any right in the plaintiff. Plaintiff's concept of the transaction provides no consideration for the Government's certificate.

Since the benefits of the statute are reciprocal, no protest is authorized by the statute. Plaintiff was under no compulsion to take advantage of the administrative relief available under Section 6325. The inconsistency of coupling a protest with the solicitation of administrative relief is too obvious to require comment.

When the certificate was issued by the Government, the plaintiff acquired clear and marketable title, free from the liens for an agreeable price which was all that the petition had represented that petitioner desired and all that the statute contemplated that plaintiff should receive. Having accepted the full benefit of the law, no additional rights are reserved by the gratuitous words of protest which are surplusage of no legal significance.

The Court can only assume that rather than face the expense, delay and uncertainty of litigation, plaintiff chose voluntarily to pay the Government the amount specified. Such payment was the *quid pro quo* for the Certificate of Discharge. The sum was not wrongfully collected. Plaintiff cannot now avoid the transaction.

The motion for summary judgment is granted.

It is further ordered that the Clerk this day serve copies of this order by United States mail upon the parties appearing in this cause.