ORDER
 

 Tiie Verrans appeal the judgment of the District Court in this reopened bankruptcy proceeding. At issue before the District Court was the right of the Internal Revenue Service to recoup unpaid income taxes owed by the Verrans. The tax liability .arose in 1966, 1967, and 1968. The District Court ruled that the IRS had the right to recover the unpaid 1968 taxes by imposition of a lien on the Verrans’ Florida property and the right to apply distributions from the estate by the trustee to the Verrans’ 1966 and 1967 tax liability.
 

 The Verrans filed their petition in bankruptcy on August 6, 1971. Prior to that time, the Commissioner of the IRS had made an assessment against the Verrans for unpaid income taxes from the tax years 1966 ($3,538), 1967 ($4,108), and 1968 ($2,890). Also prior to that time, the IRS had filed a notice of tax lien on property owned by the Verrans in Lapeer County, Michigan. Soon after they filed their petition, the Verrans purchased real property in Pasco County, Florida. The government thereafter filed a notice of tax lien in Pasco County. Each tax lien was a general lien upon all jurisdictional property, real and personal, of the taxpayers.
 
 See
 
 26 U.S.C. § 6321.
 

 On March 18, 1975, the Verrans received discharges in bankruptcy. The trustee made a distribution of $3,159.28 to the government from the bankrupts’ estates. The government applied this distribution to the 1966 unpaid tax liability, and continued to maintain its lien rights against the unpaid balance.
 

 The Verrans reopened the bankruptcy proceeding in January 1976. They sought a declaration that their tax liability had been discharged, a release from the Florida tax liens, and an injunction against further IRS efforts to collect the unpaid assessments. The Bankruptcy Court generally sustained the Verrans’ contentions. It ordered the IRS to vacate its Florida lien and enjoined further IRS efforts to recover the remaining tax liability.
 

 On appeal by the government, the District Court reversed in part. The Court ruled that the 1966 and 1967 tax liability had been discharged but held that the 1968 liability had not been abated. Despite the release of the 1966 and 1967 liability, said the Court, the IRS could attempt to recover the unpaid taxes for those years from the Verrans' pre-petition property. Because the discharge had not affected the 1968 liability, the Court further ruled that the IRS was allowed to recover the unpaid 1968 taxes through the Florida lien. The District Court therefore permitted the IRS to apply the trustee’s distribution to the 1966 liability, and to seek the unpaid balance from the property in Florida.
 

 The District Court correctly ruled that the discharge in bankruptcy had not affected the 1968 tax liability. In pertinent part, 11 U.S.C. § 35(a)(1) provides that “[a] discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States . . . within three years preceding bankruptcy. . . .”
 
 See
 
 Bankruptcy Act, c. 541, 30 Stat. 544, Sec. 17 (as amended, Sec. 1, Act of June 22, 1938, c. 575, 52 Stat. 840). The 1968 tax liability of
 
 *479
 
 the Verrans became “due and owing” on April 15,1969, which was within three years of the date of filing of the bankruptcy petition. For this reason, as the text of § 35(a)(1) clearly indicates, the 1968 liability was not discharged.
 
 [1]
 
 The 1966 and 1967 liability, by the same token, was discharged. There was no error in this ruling by the District Court.
 

 The District Court also ruled that the IRS could seek to collect the unpaid 1966 and 1967 tax liability from property the Verrans owned prior to the filing of their petition in bankruptcy. This is correct at least to the extent that the government possessed a valid lien upon such property, and we conceive that the discharge does not affect the ultimate recovery of the unpaid 1966 and 1967 taxes from this source. Section 35(a),
 
 supra,
 
 provides that “a discharge in bankruptcy shall not release or affect any tax lien.” Moreover, § 35(a) provides as well that “a discharge shall not be a bar to any remedies available under applicable law to the United States . . . against the exemption of the bankrupt allowed by law and duly set apart to him under this title. . . . ” The District Court thus properly held that it was erroneous for the Bankruptcy Court to enjoin further IRS efforts to collect the outstanding 1966 and 1967 assessments from pre-petition tax liens.
 

 We are unable to determine from the present record whether the District Court correctly allowed the IRS to apply the trustee’s distribution to the 1966 tax liability. The record does not indicate whether the distribution included proceeds of the Lapeer County, Michigan, tax lien. If the distribution did include such proceeds, it was — in part, at least — a distribution in liquidation of the government’s lien-secured interest. The ownership of such proceeds automatically would vest in the government, not in the trustee, see
 
 Goggin v. California Labor Division,
 
 336 U.S. 118, 125-130, 69 S.Ct. 469, 93 L.Ed. 543 (1949), and would not be subject to the limitations of 11 U.S.C. § 104(a)(4),
 
 infra.
 
 Clearly the IRS is entitled under such circumstances to apply lien proceeds included in the distribution to the 1966 taxes, against which it had filed the Lapeer County lien.
 

 If the distribution did not include any proceeds of the Michigan tax liens, however, the IRS may apply the distribution only to the 1968 unpaid tax liability. In such case, the government would take only as a priority creditor under 11 U.S.C. § 104(a)(4). Section 104(a)(4) restricts priority payments for taxes to those taxes “which became legally due and owing by the bankrupt to the United States . which are not released by a discharge in bankruptcy. . . . ” Because the 1968 taxes of the Verrans alone were not discharged, the distribution in this latter case could apply only to the 1968 liability.
 

 In order to determine what the trustee’s distribution to the government included, we remand this case to the District Court for further factfinding. Upon completion of its inquiry, the District Court shall enter an Order consistent with this opinion.
 

 Accordingly, the judgment of the District Court is in part affirmed and in part vacated, and the case is remanded for further proceedings.
 

 [1]
 

 . As the District Court correctly ruled, the non-discharge of the 1968 tax liability thus allows the IRS to collect the 1968 taxes from post-petition property such as that covered by the Florida lien to the extent necessary.