In re Sherman C. LATULIPPE, Harriet M. Latulippe, Debtors.

Sherman C. LATULIPPE, Harriet M. Latulippe, Plaintiffs,

v.

The CONNECTICUT BANK AND TRUST COMPANY, Defendant.

Bankruptcy No. 81–00029.
Adv. No. 81–0107.

United States Bankruptcy Court, D. Vermont.

Aug. 7, 1981.

Paul R. Morwood, Burlington, Vt., for debtors.

John C. Gravel and Robert K. Bing, Burlington, Vt., for defendant.

## MEMORANDUM

CHARLES J. MARRO, Bankruptcy Judge.

In this adversary proceeding to avoid a lien under § 522(f) of the Code, a hearing was held.

The established facts are as follows:

The Debtors filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on February 16, 1981 and listed as one of their assets a residence at Porter's Point Road which is in Colchester, Vermont, with fee simple title in their both names and with a valuation of $57,500.00. The Schedules also show that the Vermont Federal Savings and Loan Association holds a mortgage on this residence for $37,300.00 and that the Defendant, Connecticut Bank and Trust, has a lien by virtue of a pre-petition judgment against the Debtor, Sherman C. Latulippe, and a post-petition judgment against the Debtor, Harriet M. Latulippe, in the total sum of $7,830.00.

The Debtors have exercised their option to claim the Vermont State Exemptions which include a homestead exemption in their residence on Porter's Point, Colchester, Vermont, under Title 27, Vermont Statutes Annotated § 101 which reads as follows:

"The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $30,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues, profits and products thereof, shall be exempt from attachment and execution except as hereinafter provided."

■ On December 18, 1978, the Defendant filed suit in State Court in the sum of $5,190.00 against the Debtors, Sherman C. Latulippe and Harriet M. Latulippe, and on July 30, 1979, the Defendant obtained a Writ of Attachment against the property owned by the Debtors in Colchester, Vermont, and occupied by them as a residence. On June 24, 1980, the Vermont Chittenden Superior Court entered Default Judgment against the Debtor, Harriet M. Latulippe, in the sum of $7,829.90, but the case is still pending as to the Debtor, Sherman C. Latulippe, who filed an Answer to the Plaintiff's Complaint in that Court. Under Title 12 of Vermont Statutes Annotated § 2901, a final judgment issued in a civil action shall constitute a lien on any real property of a judgment debtor if recorded as provided in subsequent sections of Title 12. This statute permits a judgment creditor to record a judgment lien at any time within eight years from the date of judgment. It follows, therefore, that the Defendant has obtained a "judicial lien" against the homestead property of the Debtors. See § 101(27) of the Bankruptcy Code which defines a "judicial lien" as one obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

The Debtors now seek to avoid this lien under § 522(f) reading as follows:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; . . . "

■ It is clear that the judicial lien obtained by the Defendant bank impairs the homestead exemption of the Debtors. Their residence is valued at $57,500.00 and subject to a mortgage in favor of Vermont Federal Savings and Loan Association in the sum of $37,300.00 leaving a balance of $20,200.00 as the homestead exemption to which the debtors are entitled under Vermont Statutes. Even though the debtors chose the state exemptions, the avoiding powers to which they are entitled under § 522(f) apply equally to property such as a residence to the extent that an exemption is allowed by the state. See 3 Collier 15th Edition 522–68 and 522–69.

■ The Defendant bank argues that the Debtors may not avoid the lien since it was obtained by a judgment rendered 13 months prior to the filing of the Petition for Relief and was perfected as to the Debtor, Harriet M. Latulippe, seven months prior to the filing of the Petition and it further contends that the avoidance of a judgment lien should be restricted to one obtained within the preference period; i. e., 90 days before the filing. There is no basis for this argu-

ment. The statute is clear and it contains no time limitation. Had Congress intended that avoidance be limited to a lien obtained within the preference period it would have incorporated this condition in haec verba in the statute.

The Defendant bank cites *In Re Sillani* (Bkrtcy.1981), 9 B.R. 188, in support of its position. In *Sillani* the debtor sought the reopening of the case in order to seek determination that a judgment lien was void but the Court refused to reopen on the grounds that the debtor had failed to suggest any possible basis on which the judgment lien, perfected against real property two years before bankruptcy, could be avoided by the Trustee or any other interested party. The debtor had during the course of a divorce proceeding relinquished his interest in the home to his wife and the transfer of title was approved by the State Court. Having done this he had no title to nor equitable claim of any interest in the property and the house was not property of the estate under § 541 of the Code. The Court pointed out that since the debtor had lost title to the property about five months before bankruptcy the only way that the lien could have been avoided was by the trustee establishing a preference under § 547(b)(4)(B).

Admittedly there are certain cases in which the judicial lien has been avoided on the basis of a preference. But this is only coincidental. *In Re Boyd*, 11 B.R. 690 (Bkrtcy.1981), cited by the Bank, may be such a case. But it is not apposite.

§ 522(f) clearly permits the debtors to avoid the judicial lien obtained by the Bank. In addition case law supports the position of the debtors. See *In Re Butler* (Bkrtcy., District of Maryland—1980) 5 B.R. 360, 6 B.C.D. 768; *In Re Porter* (Bkrtcy.E.D.PA—1980) 7 B.R. 356; *In Re Ashe* (Bkrtcy.M.D. PA—1981) 10 B.R. 97; *In Re Blecker* (Bkrtcy.S.D.Fla.—1980) 9 B.R. 31; *In Re Naples* (D.Conn.1980) CCH § 67442.

The concept of lien avoidance under § 522 of the Code is to protect the debtors from creditors trying to assert rights against exempt property. In the instant case the Defendant bank, even without the Debtors' filing for relief under the Code, would have no right to levy execution for satisfaction of its judgment lien against the homestead property of the Debtors exempt under state law.

The lien should be avoided.

### JUDGMENT AVOIDING LIEN

The Complaint of the Debtors against the Defendant, The Connecticut Bank and Trust Company, to avoid a lien in the approximate sum of $7,830.00 against the residence and homestead of the Debtors having come on for hearing and the issue having been determined by Memorandum of this Court filed August 7, 1981.

It is accordingly

ORDERED, ADJUDGED, AND DECREED that the Judgment Lien obtained by the Defendant bank on June 24, 1980 impairs the homestead exemption of the Debtors and it is hereby cancelled.