Franklin Harris Hytken, Hytken, Harlan & Nye, P.C., Dallas, Tex., for debtor.

Steve Maurer, Dept. of Justice, Dallas, Tex., for I.R.S.

**In re Phillip Gene MILLS, Debtor.**

**Phillip Gene MILLS, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 385–32457–A–7.**

**Adv. No. 386–3311.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Aug. 4, 1987.

MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

This proceeding appears to be but one chapter in a long saga of one citizen's travails with the Internal Revenue Service. The case comes before the Court on the complaint of the Debtor, Phillip Gene Mills, to determine dischargeability. This is a core proceeding in bankruptcy. This memorandum shall constitute findings of fact and conclusions of law.

The matter comes before the Court on the cross motions for summary judgment filed by the parties. A hearing was held on June 22, 1987 after which the Court took the matter under advisement. The Debtor has requested in its prayer that the Court declare the tax liens filed against the Debtor's property to be void and that the Debtor's tax liability be discharged. The United States asks that the Court declare taxes due for the years 1978 to 1981 discharged, taxes due for years 1983 and after non-dischargeable, and that the Court abstain from determining the taxes due for the year 1982.

Under Section 523(a)(1)(A) of the Bankruptcy Code, 11 U.S.C., taxes which are entitled to priority of distribution under Sections 507(a)(2) and 507(a)(7) are excepted from discharge. The concern here is with Section 507(a)(7)(A)(i) which specifies that income taxes due for a pre-petition taxable year for which the return was due within three years prior to the bankruptcy petition are entitled to priority payment. This bankruptcy was initiated by the Debtor's voluntary petition on September 24, 1985. Thus, in this case, federal income taxes due for 1983 and subsequent years are excepted from discharge under Section 523(a)(1)(A). *In re Verran,* 623 F.2d 477 (6th Cir.1980); *In re Resnick,* 52 B.R. 90 (Bankr.D.Mass.1985).

The significance of this analysis is made clear by a brief review of the factual background. Most of the facts are set out in the affidavit of the Debtor filed on June 17, 1987, which the Court accepts. At the time this case was commenced, the Internal Revenue Service ("IRS") had assessed taxes for the years 1978 through 1984. Prior to the filing, the IRS had filed two notices of federal tax lien for the years 1978 through 1981.[1] A third tax lien notice, for the tax years 1983 and 1984, was filed on August 26, 1985.

The Debtor had been negotiating with the IRS over a method of payment of this tax liability. The Debtor had agreed to sell his interest in a homestead property located in Denton County, Texas and assign to the IRS the proceeds received beyond payment of costs and prior liens. Subsequent to this agreement but prior to closing the homestead sale, the IRS filed the notice of tax lien for the years 1983 and 1984. The sale was closed as planned and proceeds of $15,077.29 were sent to the IRS. A certificate of discharge of the federal tax lien as to the homestead was issued by the IRS, listing the value of the lien at $15,077.29 and the debt to which the proceeds would be applied as the unpaid taxes from 1978 through 1981. When the Debtor endorsed the check for $15,077.29 over to the IRS, he wrote "applied to years 1985, 1984, 1983, remainder to be applied to previous years...." The Debtor also sent a note to the IRS requesting that the proceeds of the homestead sale be applied to taxes from 1984 first, 1983 second, and the balance to prior years.[2]

Thus we come to the crux of this adversary proceeding. The IRS applied the $15,077.29 homestead proceeds to tax debts that would be discharged under Section 523(a)(1)[3] instead of applying the proceeds

---

1. Excluding application of the homestead sale proceeds, the Debtor's unpaid tax liability is set out in the following table:

| Taxable Year | Amount | Assessment Date | Lien Date |
|---|---|---|---|
| 1978 | $11,015.47 | 1–04–82 | 6–22–82 |
| 1979 | 5,760.68 | 2–15–82 | 6–22–82 |
| 1980 | 5,925.55 | 1–04–82 | 6–22–82 |
| 1981 | 1,806.37 | 8–30–82 | 4–25–83 |
| 1983 | 1,077.54 | 5–06–85 | 8–26–85 |
| 1984 | 3,391.86 | 6–17–85 | 8–26–85 |

2. The Debtor also complains of collection letters received from the IRS regarding taxes owed for 1978 to 1981, the IRS contention that he owes taxes for 1982, and the application of excess taxes withheld from 1986 to the tax debt for 1978. The Court is informed by counsel for the United States that the excess taxes withheld will be re-applied to non-discharged taxes, if any, or refunded. The Debtor's tax liability for the year 1982 will not be determined by this Court.

3. The IRS has conceded that the Debtor will be discharged from his tax debts for the years 1978 through 1981 under Section 523(a)(1). The Court notes, however, that even after application of the $15,077.29 payment there remains a balance due on the taxes for 1978. In the main bankruptcy case the Debtor received his discharge on February 24, 1986. Neither the Debtor nor the IRS has filed a proof of claim nor has the Debtor requested a determination of secured

to the more recent tax debts that are excepted from discharge, as was requested by the Debtor. The Debtor contends that because the payment of the homestead proceeds was voluntary, he has a right to direct the application to the most recent taxes and the IRS should have applied the $15,077.29 according to the endorsement on the check and the accompanying note. See *Muntwyler v. United States,* 703 F.2d 1030 (7th Cir.1983); *O'Dell v. United States,* 326 F.2d 451 (10th Cir.1964). The IRS argues that it did apply the homestead sale proceeds as directed, only the Debtor attempted to change the agreement after he learned of the assessments for 1984 and 1983, well after the IRS had committed itself to release its tax lien covering the tax years 1978 to 1981. The Court agrees with the IRS.

The IRS may discharge any part of a taxpayer's property subject to a lien for unpaid taxes when an application for such is made and, *inter alia,* the IRS receives payment equal to the value of the interest of the United States in the property to be released. The record shows, by citation in the certificate of discharge, that the IRS released the homestead from its lien pursuant to 26 U.S.C. § 6325(b)(2)(A), which provides for such release upon the payment to the IRS of the value of its interest in the subject property. This procedure is detailed in Treasury Regulations found at 26 CFR § 301.6325–1 (4–1–86 ed.) and 26 CFR § 401.6325–1 (4–1–86 ed.), which, to the

Court's reading,[4] appear to be aptly described in the opinion in the case of *Brittle v. United States,* 209 F.Supp. 409, 411 (S.D. Cal.1962):

Briefly stated, under 26 U.S.C.A. § 6325, the person desiring the certificate discharging the Government liens submits to the District Director to whom the assessment is charged a written application requesting that a certificate be issued discharging the property from the federal liens. Petitioner submits detailed statements including the property description, reason for which the discharge is sought, description of all senior encumbrances, proof of the fair market value of the property, and any other information which the applicant believes may have a bearing on the Director's determination of value. The Director then makes a thorough analysis of the law and facts of the case, checks all material submitted for accuracy, and reaches a determination and informs the applicant of the result. If the applicant is satisfied with the Director's determination, he pays the amount specified.

This administrative procedure benefits the taxpayer by obviating the need for levy and sale by the IRS and by freeing the property from an encumbrance that could impede its transfer by the taxpayer. The procedure also may make possible realization of a greater recovery to the IRS and reduction of taxpayer liability. The benefits of the procedure authorized by 26 U.S.C. § 6325(b)(2)(A) are reciprocal and

---

status concerning the tax debts. See *In re Brager,* 28 B.R. 966 (Bankr.E.D.Pa.1983). Thus, the Court finds that the IRS lien, to the extent unsatisfied, survives despite this bankruptcy being a "no asset" chapter 7 proceeding. See 11 U.S.C. § 506(d); *In re Simmons,* 765 F.2d 547 (5th Cir.1985); *Matter of Brown,* 73 B.R. 740 (Bankr.W.D.Wis.1987); 3 Collier on Bankruptcy, ¶ 506.07 (15th ed. 1987).

**4.** 26 CFR § 301.6325–1(b)(4–1–86 ed.), provides in part:

(2) *Part payment; interest of United States valueless—(i) Part payment.* The district director may, in his discretion, issue a certificate of discharge of any property subject to a lien imposed under chapter 64 of the Code if there is paid over to him in partial satisfaction of the liability secured by the lien an amount determined by him to be not less than

the value of the interest of the United States in the property to be so discharged. In determining the amount to be paid, the district director will take into consideration all the facts and circumstances of the case, including the expenses to which the Government has been put in the matter. In no case shall the amount to be paid be less than the interest of the United States in the property with respect to which to the certificate of discharge is to be issued.

\* \* \* \* \* \*

(4) *Application for certificate of discharge.* Any person desiring a certificate of discharge under this paragraph shall submit an application in writing to the district director responsible for collection of the tax. The application shall contain such information as the district director may require.

\* \* \* \* \* \*

voluntary as to both parties. *Brittle v. United States, supra.*

Because the record clearly shows the understanding of the parties was for release of the homestead property in exchange for application of the proceeds of the sale to the unpaid taxes for the years 1978 to 1981,[5] the Bankruptcy Court finds that the Debtor's unilateral attempt to alter that understanding was ineffective. *Cf., United States v. Lane,* 303 F.2d 1 (5th Cir.1962) (compromise with IRS usually treated as a contract).

Thus, the Bankruptcy Court denies the relief prayed for in the Debtor's motion for summary judgment on his complaint to determine dischargeability and declares that taxes due for years prior to 1983 are discharged. The Court abstains from determining the Debtor's tax liability for the year 1982 because the issue is moot as to any further proceedings before this Court. Counsel for IRS is to prepare an appropriate form of order.

---

5. The Debtor's application for the certificate of discharge of the homestead property from the tax lien specifically refers to the tax lien filings which list unpaid taxes for the years 1978 to 1981. No reference is made to taxes for any other years.