**In re Juana F. STEPHENSON, James E. Stephenson, Debtors.**

**Juana F. STEPHENSON and James E. Stephenson, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy Nos. 87–02044–BKC–AJC, 87–02161–BKC–AJC.**
**Adv. No. 87–0471–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Sept. 20, 1988.

Jerry M. Markowitz, Miami, Fla., for plaintiffs/debtors.

Paul E. Pelletier, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the court upon Juana F. Stephenson's and James E. Stephenson's complaint seeking a determination of the dischargeability of their Federal Income Tax obligation under 11 U.S.C. Section 523(a)(1). The Stephenson's are indebted to the United States for 1974 and 1976 income taxes. Tax liens against their real and personal property, in favor of the Internal Revenue Service, were perfected prior to the Stephenson's Chapter 7 petition.

The United States, in its answer, stipulated that it does not object to the granting of a discharge of the Stephenson's 1974 and 1976 tax liabilities. However, it asserted that the tax liens which attached to the property of the Debtors prior to their petition in bankruptcy should remain valid after the discharge of the underlying obligations.

The Court determined at a Pre–Trial Conference held on December 9, 1987 that the only remaining issue is whether a lien, properly recorded and encumbering the Debtors' homestead, is discharged in a Chapter 7 proceeding. Each party was then ordered to submit a memorandum of law in support of its position. After reviewing this memoranda, it appears from the authority cited that an income tax lien which was recorded against the Debtors' homestead prior to their Chapter 7 petition remains valid even though the tax obligation itself must be discharged in accord with Section 507(a)(7)(A)(i).

The adversary opinion *Verran v. United States Treasury Department*, 623 F.2d 477 (6th Cir.1980) is directly on point. The Verrans' had been assessed for unpaid income taxes for 1966, 1967, and 1968. And, a tax lien had been recorded against their realty prior to the date they filed their bankruptcy petition. The court discharged the Verrans' 1966 and 1967 tax obligations because the dates due pre-dated their petition by more than three years. Notwithstanding this discharge, the District Court held (and was affirmed by the Court of Appeals), that:

"... the IRS could seek to collect the unpaid 1966 and 1967 tax liability from property the Verrans' owned prior to their petition in bankruptcy[1] ... to the extent the government possessed a valid lien upon such property." *Id.* at 479.

It should be noted that the *Verran* bankruptcy was discharged in 1975. Accordingly, the court relied upon the pre–1978 Section 35(a), which provided that "a discharge in bankruptcy shall not release or affect any tax lien". *Verran* is still good law. And, the same rule can now be found in Section 522(c)(2)(B), which states:

"... property exempted under this section is not liable during or after the case for any debt ... that arose ... before the commencement of the case, except ... (B) a tax lien, notice of which is properly filed."

With regard to this Section, the Notes of Committee on the Judiciary, H.R. 95–595, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6317, read:

"Subsection (c) insulates exempt property from prepetition claims except tax ... claims that are excepted from discharge. The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886) is accepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property."

Accordingly, it is ORDERED that the federal tax lien against the Stephensons' homestead shall remain valid and enforceable.

---

**1.** The 1984 amendment of Section 524(a)(2) dropped the language "from property of the debtor" to clarify the legislature's intent that acts to collect debts from the debtor (personal-ly) be enjoined. The Section does not prohibit a creditor's *in rem* action against the debtor's property.