In re Daniel Paul FRENGEL, Dara Lee Frengel, Debtors.

Daniel Paul FRENGEL, Dara Lee Frengel, Plaintiffs,

v.

INTERNAL REVENUE SERVICE, et al., Defendants.

Bankruptcy No. B87–01558–Y.
Adv. No. 88–0042.

United States Bankruptcy Court, N.D. Ohio.

June 12, 1989.

Roger R. Bauer and Scott C. Bombeck, Warren, Ohio, for Daniel Paul Frengel and Dara Lee Frengel.

Susan M. Poswistilo, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S. I.R.S.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

Debtors brought this adversary proceeding seeking to avoid federal and state tax liens. The matter is before the Court on Cross–Motions for Summary Judgment of Debtors and THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE. The parties have presented four issues for resolution by this Court. The issues to be decided are:

1. Whether Debtors lack standing to avoid federal tax liens in a Chapter 7 proceeding.

2. Whether discharge of a tax debt operates to discharge a tax lien.

3. Whether Sec. 522(f) of the Bankruptcy Code permits the avoidance of statutory liens.

4. Whether Sec. 506(d) of the Bankruptcy Code permits a Chapter 7 debtor to avoid tax liens.

## DEBTORS' STANDING TO MAINTAIN SUIT.

■■■■ For purposes of Sec. 506(d), the debtor is a party in interest. (124 Cong. Rec. H11095 (Daily ed. Sept. 28, 1978); S17411 (Daily ed. Oct. 6, 1978); (remarks of Rep. Edwards and Sen. DeConcini)). A party in interest may request a lien avoidance. (H.R.Rep. No. 595, 95th Cong., 1st Sess. 357, *U.S.Code Cong. & Admin.News*, 1978, pp. 5785, 6313 (1977)). In view of this congressional policy, we hold that Debtors have standing to maintain an adversary proceeding for lien avoidance under Sec. 506(d). Further, Bankruptcy Rule 4003(d) and 11 U.S.C. Sec. 522(f) specifically contemplate actions by debtors to avoid liens.

## LIENS ARE ENFORCEABLE WHERE UNDERLYING OBLIGATION IS DISCHARGED.

■■ THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, concedes that Debtors' 1983 income tax liability is a dischargeable debt. Under 11 U.S.C. Sec. 524(a)(2), a discharge operates as an injunction against collection or recovery of personal liabilities of the Debtors. Upon Debtors' receiving a Chapter 7 discharge, THE UNITED STATES would be barred from seeking to reduce the 1983 income tax assessment to judgment. However, it is well-settled that valid liens securing discharged debts are not automatically discharged with the underlying debt. The Code at 11 U.S.C. Sec. 522(c)(2) specifically excepts statutory tax liens from discharge and exemption:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under Section 502 of this title as if such debt had arisen, before the commencement of the case, except—

(2) a debt secured by a lien that is— (A)(i) not avoided under subsection (f) or (g) of this section or under Section 544, 545, 547, 548, 549, or 724(a) of this title; and

(ii) not voided under Section 506(d) of this title; or

(B) A tax lien, notice of which is properly filed.

The legislative history of 11 U.S.C. Sec. 522(c) expressly provides:

The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard*, 117 U.S. 617 [6 S.Ct. 917, 29 L.Ed. 1004] (1886), is accepted with respect to the enforcement of valid liens on nonexempt property, as well as on exempt property. *cf. Lewisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 583 [55 S.Ct. 854, 860, 79 L.Ed. 1593] (1935).

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 361 (1977), U.S.Code Cong. & Admin.News 1978, p. 6317. As the court stated in *In re Isom*, 95 B.R. 148 (9th Cir.1989):

The *in personam* liability may be discharged in bankruptcy ..., but ... the tax lien remains in force. Thus, the *in rem* liability remains enforceable....

*See also* S.Rep. No. 95–989, 95th Cong. 2d Sess. (1978); *Lellock v. Prudential Ins. Co. of America,* 811 F.2d 186 (3d Cir.1987); *In re Cohn,* 88–1 U.S.T.C., para. 9202, 1987 WL 59582 (Bankr.N.D.Ill.1987); *J. Catton Farms, Inc., v. First Nat'l. Bank of Chicago,* 779 F.2d 1242, 1247 (7th Cir.1985); *In re Verran,* 623 F.2d 477, 497 (6th Cir.1980).

On the basis of the foregoing, we hold that the discharge of a tax debt does not operate to discharge a tax lien that has not been otherwise avoided.

FEDERAL TAX LIENS ARE NOT AVOIDABLE UNDER 11 U.S.C. Sec. 522(f).

 Sec. 522(f) specifically provides that only two types of liens are avoidable: (1) judicial liens; and (2) certain nonpossessory, nonpurchase money security interest. Tax liens do not fall within either category. They are statutory liens, as that term is defined in Sec. 101(47) of the Bankruptcy Code. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 314 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 27 (1978). Therefore, Debtors cannot use 11 U.S.C. Sec. 522(f) to avoid the federal tax liens at issue. *In re Booth,* 17 B.R. 842 (Bankr.E.D.Pa.1982); *In re Davis,* 22 B.R. 523 (Bankr.W.D.Pa.1981).

VOIDABILITY PURSUANT TO 11 U.S.C. Sec. 506(d).

Sec. 506(d) provides:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

 A. *The 1984 and 1985 Liabilities.* The 1984 and 1985 tax liabilities of Debtors

are entitled to priority under 11 U.S.C. Sec. 507(a). This circumstance excepts these obligations from discharge pursuant to 11 U.S.C. Sec. 523(a). Sec. 523(a) provides, in pertinent part:

(a) A discharge under sec. 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in sec. 507(a)(2) or 507(a)(7) of this title.

While Sec. 507(a)(7) refers to "unsecured" claims, Congress did not intend to make unsecured claims for taxes nondischargeable and render taxes dischargeable where the government has imposed a lien on the taxpayers' property. Thus, Congress stated:

... Whether or not the taxing authority's claim is secured will also not affect the claim's nondischargeability if the tax liability in question is otherwise entitled to priority.

*See* S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978) at pp. 77–78, *U.S. Code Cong. & Admin.News,* 1978, pp. 5787, 5863.

Even if this Court granted Plaintiffs' request to void the lien, THE UNITED STATES would have the right to refile the lien following termination of the automatic stay. The only result of the avoidance would be for THE UNITED STATES to lose any priority it may have had between the time the lien was avoided and the time it was refiled. This is clearly not what was intended by Congress in providing for the survival of statutory liens post-bankruptcy. *See In re Latulippe,* 13 B.R. 528 (Bankr.D. Vt.1981); *In re Safka,* 24 B.R. 87 (Bankr. D.Vt.1982).

For the foregoing reasons, the Debtors' request to avoid the liens on the 1984 and 1985 tax obligations to THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, is denied.

 B. *The 1983 Liability.* As noted earlier, THE UNITED STATES concedes that the 1983 income tax liability will be discharged if the Debtors receive a discharge. The 1983 taxes fall outside the

exceptions to discharge provided in 11 U.S.C. Sec. 523(a)(1). Nevertheless, THE UNITED STATES maintains that the lien securing the 1983 tax debt is not discharged. As held above, the mere fact of discharge does not operate to discharge a tax lien. However, we hold that Debtors can avoid the 1983 tax lien under Sec. 506(d) to the extent that THE UNITED STATES is unsecured. In so holding, we stand with the majority of the courts viewing the issue and the plain language of 11 U.S.C. Sec. 506(d). See *Crouch v. Pioneer Fed. Sav. Bank*, 76 B.R. 91 (Bankr.W.D. Va.1987); *Lindsey v. Fed. Land Bank of St. Louis*, 64 B.R. 19 (Bankr.C.D.Ill.1986); *In re Parr*, 30 B.R. 276 (Bankr.N.D.Ala. 1983); *Brace v. State Farm Mutual Ins.*, 33 B.R. 91 (Bankr.S.D.Ohio 1983); *In re Tanner*, 14 B.R. 933 (Bankr.W.D.Pa.1981).

■ Debtors' Complaint and Motion for Summary Judgment noted that the real property securing the 1983 tax lien was purchased by land contract on March 30, 1987 for Forty–One Thousand, Five Hundred Dollars ($41,500.00). Debtors' Chapter 7 Petition, filed on December 1, 1987, set the market value of the property at Forty–Two Thousand Dollars ($42,000.00). At the time of the Petition filing, Debtors owed Thirty–Nine Thousand Dollars ($39,-000.00) on the property. Debtors' Motion for Summary Judgment provided an appraisal of the property dated February 2, 1989. The appraisal estimated the fair market value of the property to be Thirty–Four Thousand Dollars ($34,000.00), and a payoff figure at December 31, 1988, of Thirty–Eight Thousand Two Hundred Fifteen & 24/100 Dollars ($38,215.24). On the basis of these figures, Debtors contend that there is no equity in the property to secure THE INTERNAL REVENUE SERVICE lien.

■ It is now well-settled that a secured creditor's interest in property is determined as of the date of the filing of the petition for relief. Post-petition appreciations in the value of property, as well as after acquired property, inure to the benefit of a debtor under the fresh start principle. *In re Crouch, supra; In re Lindsey, supra;*

*In re Tanner, supra.* On the date of filing of the Petition for Relief, the Debtors set the property value at Forty–Two Thousand Dollars ($42,000.00) and the amount of liability at Thirty–Nine Thousand Dollars ($39,000.00). These amounts were not challenged by THE UNITED STATES. Accordingly, we hold that THE UNITED STATES has a secured claim for the 1983 taxes of Three Thousand Dollars ($3,000.00). The balance owing for the 1983 taxes is avoided pursuant to the terms of 11 U.S.C. Sec. 506(d).

IT IS SO ORDERED.