**In the Matter of Wheeler Barnwell CRAWFORD, Jr. t/a Wheeler Motors, f/d/b/a Off Lease Auto Rentals, Debtor.**

**Wheeler Barnwell CRAWFORD, Jr. Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. A89–02691–ADK. Adv. No. 89–0208A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

May 15, 1990.

Jay E. Loeb, Atlanta, Ga., for plaintiff.

Janice L. Rovner, Trial Atty., Tax Division, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OF OPINION

### A. DAVID KAHN, Chief Judge.

Plaintiff–Debtor filed the above-styled adversary proceeding seeking the determination of the dischargeability of certain debts pursuant to 11 U.S.C. § 523(a)(1) (Counts One and Two) and requesting that Defendant's tax lien against Plaintiff–Debtor's residence be avoided pursuant to 11 U.S.C. § 506(d) to the extent the lien exceeds its value (Count Three). The Court finds this matter to be a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The proceeding is before the Court on cross motions for Summary Judgment. Defendant's Statement of Material Facts is uncontroverted by Plaintiff–Debtor and is quoted below.

1. On March 13, 1989, plaintiff filed a Chapter 7 petition with the Bankruptcy Court.

2. The Examination Division of the Internal Revenue Service determined that plaintiff was liable for wagering taxes and was required to file Forms 730 for wagering taxes pursuant to I.R.C. Section 4401 for the periods from September, 1980 through November, 1982.

3. The records of the Internal Revenue Service reflect that plaintiff did not file forms 730 for the period September, 1980 through November, 1982, as required under Section 4401 of the Internal Revenue Code.

4. The Examination Division of the Internal Revenue Service also determined that plaintiff was liable for the annual special tax pursuant to Section 4411 of the Internal Revenue Code for the periods September, 1980 through June 30, 1981; July 1, 1981 through June 30, 1982; and July 1, 1982 through November, 1982. Plaintiff was required under Section 4411 of the Internal Revenue Code to file Forms 11–C, a special tax return and application for registry-wagery for these periods.

Defendant's Statement of Material Facts at 1–2. (citations omitted).

In addition to the facts above, Plaintiff–Debtor submits the following undisputed facts:

2.

Prior to August 1, 1984, the Internal Revenue service [sic] prepared and filed special tax return for wagering—Form 11–C—for September, 1980 through November, 1982.

3.

On or about July 27, 1984, the Internal Revenue Service asked Plaintiff to pay an excise tax of $624,579.47 and penalty of $156,144.91, and sign a written consent to assessment for said tax.

[Plaintiff–Debtor's] Statement of Material Facts at 1.

The Parties agree that Plaintiff–Debtor's tax liabilities for the years 1983 and 1984 are dischargeable. However, they dispute whether Plaintiff–Debtor's wagering and occupational tax liabilities from September 1980 through November 1982 are dischargeable and whether Plaintiff–Debtor can avoid Defendant's tax lien pursuant to § 506(d) to the extent the lien exceeds the value of Plaintiff–Debtor's residence.

Section 523(a)(1)(B) provides that a debt for a tax is nondischargeable if it is one

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition.

The Internal Revenue Service filed the return in question. The issue before the Court is: Where a tax return is filed for a

debtor by the Internal Revenue Service *after* it was due but *before* "two years before the date of the filing of the petition," is that tax liability discharged in bankruptcy?

This issue has been addressed in the cases of *Pruitt v. United States Government (In re Pruitt)*, 107 B.R. 764 (Bankr. D.Wyo.1989); *Hofmann v. United States (In re Hofmann)*, 76 B.R. 853 (Bankr.S.D. Fla.1987); *Haywood v. State of Illinois (In re Haywood)*, 62 B.R. 482 (Bankr.N.D.Ill. 1986). All three of these cases hold that the return must have been filed by the debtor in order for the tax obligation to be dischargeable under § 523(a)(1)(B). Plaintiff has failed to cite any authority to the contrary. The Court is persuaded by the reasoning contained in the cases above, that, where a debtor does not file his own return, the tax obligation is nondischargeable pursuant to § 523(a)(1)(B). Therefore, the Court finds that Plaintiff–Debtor's tax obligations for the period of September 1980 through November 1982 are nondischargeable in bankruptcy and that, there being no material facts in dispute, Defendant is entitled to summary judgment on this issue. The Court now turns to the issue of whether Plaintiff–Debtor can avoid a portion of Defendant's lien pursuant to § 506(d).

■ Section 506(d) provides that

To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Pursuant to § 506(a), Defendant has a secured claim in Plaintiff–Debtor's residence only to the extent there is value to which it can attach. The remainder is rendered unsecured.

In opposition to Plaintiff–Debtor's request to avoid its tax lien, Defendant argues that, because it never filed a proof of claim, its lien is not subject to avoidance pursuant to § 506(d)(2). However, § 506(d)(2) provides that a lien is not voided

if the claim is not an allowed secured claim "due *only* to the failure of any entity to file a proof of such claim under section 501 of this title." (emphasis added). It appears to the Court that Plaintiff–Debtor is alleging that Defendant's claim is not an allowed secured claim on grounds totally independent of Defendant's failure to file a proof of claim. He is alleging that the amount of the lien exceeds the value of the residence and that the undersecured portion of the lien is not an allowed secured claim pursuant to § 506(a).

The Eleventh Circuit Court of Appeals has held that a Chapter 7 debtor may void an unsecured lien pursuant to § 506(d). *Folendore v. U.S. Small Bus. Ad. (In re Folendore)*, 862 F.2d 1537 (11th Cir.1989). There is no exception to § 506(d) for tax liens. *Internal Revenue Service v. Frengel (In re Frengel)*, 115 B.R. 569, 1989 Bankr. LEXIS 1380 (Bankr.N.D.Ohio 1989); *Zlogar v. Internal Revenue Service (In re Zlogar)*, 101 B.R. 1 (Bankr.N.D.Ill.1989). The only issue that remains is a factual one; to wit: to what extent does Defendant's lien exceed the value of Plaintiff–Debtor's interest in his residence? Neither Party has offered any evidence on this issue. Therefore, an evidentiary hearing will be necessary. However, Plaintiff–Debtor is entitled to partial summary judgment on the legal issue of his power to void Defendant's lien.

*Conclusion*

Plaintiff–Debtor's tax obligations for the years 1983 and 1984 are dischargeable in bankruptcy. Plaintiff–Debtor's wagering and occupational tax liabilities from September 1980 through November 1982 are nondischargeable in bankruptcy. Plaintiff–Debtor may void Defendant's lien on his residence to the extent the lien exceeds the value of Plaintiff–Debtor's interest in his residence. There remains a factual dispute as to the extent the lien exceeds the value, and an evidentiary hearing will be held if the parties are unable to reach an agreement to this remaining issue.

An appropriate Order is entered contemporaneously herewith.

**384**

## ORDER

In accordance with the reasoning in the accompanying Memorandum of Opinion,

IT IS THE ORDER OF THE COURT that Defendant's Motion for Summary Judgment be, and the same hereby is, GRANTED IN PART. Defendant is hereby Granted partial summary judgment on the issue of the dischargeability of Plaintiff–Debtor's wagering and occupational tax obligations from September 1980 through November 1982. Said obligations are NONDISCHARGEABLE in bankruptcy.

IT IS THE FURTHER ORDER OF THE COURT that Plaintiff–Debtor's Motion for Summary Judgment be, and the same hereby is, GRANTED IN PART. Plaintiff–Debtor is hereby Granted partial summary judgment on the issues of 1) the dischargeability of Plaintiff–Debtor's tax obligations for the years 1983 and 1984; and 2) Plaintiff–Debtor's ability to void Defendant's tax lien to the extent the lien exceeds the value of Plaintiff–Debtor's interest in his residence. Said tax obligations for the years 1983 and 1984 are hereby DISCHARGEABLE in bankruptcy, and Plaintiff–Debtor may void Defendant's tax lien to the extent it exceeds the value of Plaintiff–Debtor's interest in his residence.

The Parties are hereby directed to confer with each other to attempt to agree on the extent to which Defendant's lien is to be voided. In the event the Parties have not presented a consent order on this final issue within thirty (30) days of the entry of this Order, the Court will set the matter for an evidentiary hearing.

IT IS SO ORDERED.