**In re Robert E. SPAIN, Debtor.**

**Robert E. SPAIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 94–40271.
Adv. No. 94–4050C.**

United States Bankruptcy Court,
S.D. Illinois.

May 30, 1995.

Barbara E. Seaman, for U.S.

Eugenia C. Hunter, for debtor.

### DECISION

DALE E. IHLENFELDT, Bankruptcy Judge.

In his complaint in this adversary proceeding, the plaintiff debtor, Robert E. Spain, asked that his indebtedness to the United States for federal wagering taxes and related special occupation taxes on wagering be declared dischargeable by reason of § 523(a)(1)(C) of the Bankruptcy Code.[1] The United States disputes the debtor's position regarding § 523(a)(1)(C) and, in addition, has filed a motion for summary judgment asking the court to rule that the debtor's obligation is nondischargeable by reason of § 523(a)(1)(B)(i) of the Code. The government's motion presents the court with the sole issue of whether the debtor's liability is nondischargeable by reason of § 523(a)(1)(B)(i).

§ 523(a)(1)(B)(i) excepts from discharge "any debt—

---

**1.** Section 523(a)(1)(C) excepts from discharge a tax "with respect to which the debtor . . . willfully attempted in any manner to evade or defeat such tax."

(1) for a tax ...—

   (B) with respect to which a return, if required—

     (i) was not filed."

The court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party should prevail as a matter of law. *Imperial Casualty & Indemnity Co. v. Chicago Housing Authority*, 987 F.2d 459 (7th Cir.1993). The relevant facts with respect to the government's motion are not in dispute.

*Facts relied upon by the United States*

In his complaint, the debtor concedes that he is indebted to the United States in the sum of approximately $1,500,000 plus penalties and interest and that the debt is for the wagering excise tax and the related special occupation tax on wagering. The taxes were assessed by the Internal Revenue Service on April 30, 1993. (Thus, the debtor's liability for the tax and the amount of the tax liability are not here in issue.)

Tax returns for the taxes at issue were required to be filed by statute and the associated regulations.[2]

The debtor did not file any Form 730, Tax on Wagering, nor any Form 11–C, Stamp Tax and Registration Return for Wagering for the taxes referred to above. Because the debtor failed to file tax returns, the Internal Revenue Service prepared substitutes for return.

*Facts relied upon by the debtor*[3]

In or about 1991, the debtor was arrested on charges of bookmaking. The charges were dropped when he forfeited his cars and the money in his home and possession.

As a result of the arrest, he was contacted by an agent of the IRS who informed him that there was a tax on the business of wagering. He was amazed that such a tax existed and felt that it didn't make sense to have a tax on an illegal activity, which would be a confession if complied with.

During the period prior to his arrest, he was not represented by an accountant or an attorney. He was totally unaware of the wagering tax until he was contacted by the tax agent.

The attorney representing the debtor in this bankruptcy case was well aware of the requirement for filing state and federal income tax returns and could not recall, in her professional or personal associations, ever meeting anyone who was not aware of the requirements for filing state and federal income tax returns. However, she was unaware of the tax on wagering until becoming involved in this case. A knowledgeable accountant that she consulted was also unaware that such a tax existed. In addition, she discussed the matter with numerous other attorneys engaged in bankruptcy and tax law, and none of them was aware of the wagering tax. When she first spoke with an attorney in the Tax Division of the U.S. Department of Justice, the latter was also unaware of the wagering tax.

  \*    \*    \*    \*    \*    \*

The debtor argues that a taxpayer-debtor should not be held to "a standard of perfect knowledge of the tax law and regulations in order for a tax debt to be discharged when the tax rules and regulations are so complex and extensive, that even tax professionals do

---

**2.** Under 26 U.S.C. § 4401(c) of the Internal Revenue Code (IRC), "[e]ach person who is engaged in the business of accepting wagers shall be liable for and shall pay the tax ... on all wagers placed with him." In addition, § 4411(a) imposes a special tax of $500 per year on "each person who is liable for the tax imposed under § 4401." These taxes are commonly referred to as wagering taxes or wagering excise taxes, and occupational taxes.

  IRC § 6011(a) mandates that each person subject to the taxes imposed by §§ 4401 and 4411 file tax returns "according to the forms and

regulation prescribed by the Secretary." The tax returns prescribed by the Secretary are returns entitled "Tax on Wagering" (Form 730), and "Stamp Tax and Registration Return for Wagering" (Form 11–C), respectively.

  The applicable regulations, Treas.Reg. §§ 44.6011(a) and (b), (26 C.F.R.), require the filing of monthly Form 730 returns and annual Form 11–C returns.

**3.** For purposes of its motion, the government does not dispute these facts presented by the debtor but contends that they are irrelevant.

not have this knowledge. Debtor-plaintiff submits that his failure to file the wagering tax returns must be excusable under the facts of this case in compliance with previous decisions, the fresh start policy of the Bankruptcy Code and fundamental fairness."

The previous decisions referred to by the debtor, that are concerned with § 523(a)(1)(B)(i), are *Pruitt v. United States,* 107 B.R. 764 (Bankr.D.Wy.1989), *Haywood v. State of Illinois,* 62 B.R. 482 (Bankr.N.D.Ill. 1986) and *Matter of Crawford,* 115 B.R. 381 (Bankr.N.D.Ga.1990). *Pruitt* and *Haywood* involve the nonfiling of income tax returns and *Crawford,* like the case at bar, the nonfiling of wagering tax returns. Without exception, the cases hold that a discharge is not available for taxes for which a return was required to be filed but was not filed. In the *Pruitt* and *Crawford* cases, the court ruled that the tax obligation was nondischargeable, even though the Internal Revenue Service had filed substitute returns. The *Pruitt* court said, "The plain language of the section, as well as the purpose behind its enactment, require that the debtors have filed the required return."

The debtor takes comfort from language in these decisions that indicates the debtor-taxpayers were probably aware of the existence of the taxes in issue and the requirement that a return be filed. For example, in *Pruitt,* 107 B.R. at 766, the court said that ruling the tax to be dischargeable would "effectively excuse the nonfiling taxpayer from his own *deliberate* misconduct." (emphasis added) In the case at bar, it has been stipulated that the debtor had absolutely no knowledge of the federal wagering taxes or tax returns.

▮ A lack of knowledge of such taxes on the part of the debtor would clearly constitute a valid defense in a criminal proceeding, where "willfulness" is a necessary element of proof. *Cheek v. U.S.,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). The court believes it would also constitute a defense in a § 523(a)(1)(C) nondischargeability proceeding where it is charged the debtor has "willfully attempted to evade" a tax. *U.S. v. Toti,* 24 F.3d 806 (6th Cir.1994). Such lack of knowledge does not, however, constitute a defense in a § 523(a)(1)(B)(i) nondischargeability proceeding.

▮ The facts on which the debtor relies are irrelevant to the issue of dischargeability under § 523(a)(1)(B)(i). Unlike some other parts of the Bankruptcy Code, the language in section 523(a)(1)(B)(i) is plainly worded and unambiguous. It does not require a showing of knowledge on the part of the debtor. As the court said in the *Haywood* case, "The language of the statute is clear. An individual's debt arising as the result of tax for which the debtor was required to file a return is nondischargeable if the debtor did not file that return." 62 B.R. at 485. The debtor in this case did not file the required tax returns for any of the taxes at issue, and those taxes are accordingly not dischargeable.

This decision constitutes the court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and Rule 7052 of the Federal Rules of Bankruptcy Procedure. In accordance with this decision, an order will be entered granting the motion of the United States for summary judgment and declaring the debtor's liability for the wagering taxes and associated occupational taxes at issue to be nondischargeable.