In re INCOME PROPERTY BUILDERS, INC., Debtor.

ARMEL LAMINATES, INC., Appellant,

v.

The LOMAS & NETTLETON COMPANY, Appellee.

BAP No. 80–0007–KLH.
Bankruptcy No. 80–003Y.
Adv. No. 80–0036Z.

United States Bankruptcy Appellate Panels
of the
Ninth Circuit.

Argued July 17, 1980.

Decided Sept. 9, 1980.

Jack C. Warner, Warner & McCauley, Phoenix, Ariz., for appellant.

Richard Lee, Murphy & Posner, Phoenix, Ariz., for appellee.

Before KATZ, LASAROW and HUGHES, Bankruptcy Judges.

## OPINION

PER CURIAM:

Appellant appeals from orders denying appellant's Motion to Intervene and Motion to Reinstate Stay.

Appellee, Lomas & Nettleton Co., pursuant to a complaint filed against the debtors, obtained relief from the automatic stay imposed by 11 U.S.C. § 362, thereby permitting appellee to proceed with its foreclosure action against the property of the debtor, a condominium project. The complaint named only the debtor as a defendant. No notice of the complaint was given to any other entity.

Appellant, Armel Laminates, Inc., claiming a security interest in the debtor's property by virtue of a mechanics lien, filed a Motion to Intervene in the action filed by Lomas & Nettleton Co., against the debtor, together with a Motion to Reinstate Stay. Judge Davis denied both motions.

Lomas & Nettleton Co., concluded its foreclosure and purchased the property at the trustee's sale. It then transferred the property to Lomas & Nettleton Consultants, Inc., which in turn sold the condominium units to various individual home purchasers.

Appellant neither sought, nor obtained, a stay of the foreclosure sale pending the outcome of this appeal.

█ We think the case of *In re Combined Metals Reduction Company sub nom. Bennett v. Gemmill*, 557 F.2d 179 (9th Cir. 1977) is controlling here, for as the court there stated, at p. 187:

"Generally an appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief even if the dispute is decided in favor of the appellant."

*Accord, Valley National Bank of Arizona v. Trustee for Westgate-California Corporation*, 609 F.2d 1274, 1283 (9th Cir. 1979).

The only parties before the Appellate Panel are Armel Laminates, Inc., the appellant, and Lomas & Nettleton, Inc., the appellee. Neither Lomas & Nettleton Consultants, Inc., nor, more importantly, the individual purchasers of the condominium units are before us. No effective relief could be granted in their absence. *In re Royal Properties, Inc., sub nom. Casady v. Bucher*, 621 F.2d 984 (9th Cir. 1980).

█ This is a case where it is impossible for the appellate tribunal to grant relief to appellant and therefor the appeal will be dismissed as moot. *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895); *Fink v. Continental Foundry & Machine Co.*, 240 F.2d 369 (7th Cir. 1957), cert. denied, 354 U.S. 938, 77 S.Ct. 1401, 1 L.Ed.2d 1538 (1951).

Appellee may direct its request for an allowance of attorneys fees and costs under Arizona law to the trial court.