**In re Richard A. and Norma J. SECHRIST, Debtors.**

**Richard A. and Norma J. SECHRIST, Debtors,**

v.

**NEW YORK STATE TAX COMMISSION.**

**Bankruptcy No. 80–20354.**

United States Bankruptcy Court, W. D. New York.

March 19, 1981.

Dale Sherry Engle, Deputy Asst. Atty. Gen., State of New York, Dept. of Law, Rochester, N. Y., for New York State Tax Commission.

James B. Doyle, Rochester, N. Y., for debtors.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtors have moved to set aside the lien of the State Tax Commission against their exempt real property under § 522(f)(1) on the theory that it is a judicial lien that impairs their exemptions.

The State Tax Commission has appeared and opposes the application of § 522(f)(1) in this particular instance because they claim that with a properly filed tax lien they are entitled to satisfy that tax lien from exempt property under § 522(c).

The debtors also argue that the tax lien filed against them in the amount of $2,603.70 and which was docketed December 5, 1978 against their property is improper in that Mr. Sechrist had sold the business against which the tax was assessed and had merely acted as the accountant in filing the tax returns for the person to whom he sold the business.

The facts appear to be these. The lien at issue is for sales taxes which were assessed against Richard Sechrist for the quarters ending 11/30/74 and 2/28/75. The debtor claims that he sold the business in October of 1974. However, the notification of bulk sales which went to the New York State Sales Tax Bureau indicates that the sale was completed on or about February of 1975 and for that reason the Court feels that the tax was properly assessed.

Section 522(f) of the new Bankruptcy Code reads as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

Section 522(c) reads as follows:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen, before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title; or

(2) a lien that is—

.    .    .    .    .

(c)(i) a tax lien notice of which is properly filed; and

Reading § 522 as a whole it appears that Congress desires to relieve the debtor under § 522(f) of any impairment of his exemptions which arose by way of a judicial lien. However, in § 522(c) they insulated exempt property from pre-petition claims only to the extent that they were not tax claims or

certain other claims. The bankruptcy discharge does not prevent the enforcement of valid liens and taxes which are nondischargeable may be collected from exempt assets. Therefore, it would be futile to grant a § 522(f) motion with regard to nondischargeable taxes.

The New York State Tax Commission may continue to enforce their lien against the property of the debtor and the § 522(f) motion to the extent it seeks to exempt the real property of the debtor from the lien of the tax is denied and it is so ordered.