In re Sherman C. LATULIPPE, Harriet M. Latulippe, Debtors.

Sherman C. LATULIPPE, Harriet M. Latulippe, Plaintiffs,

v.

INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 81–00029.
Adv. No. 81–0028.

United States Bankruptcy Court, D. Vermont.

May 23, 1981.

Sheila M. Ware, Asst. U. S. Atty., Burlington, Vt., for Internal Revenue Service.

Paul R. Morwood, Burlington, Vt., for plaintiffs-debtors.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of the Defendant to Dismiss the Complaint of the Plaintiffs to Determine Dischargeability of Debt came on for hearing, after notice, on April 7, 1981 with the following appearances:

.The Debtors did on March 6, 1981 file a Complaint to Determine Dischargeability of a debt for taxes for which the Internal Revenue Service has a lien against the residence of the Debtors in the approximate sum of $4,531.00.

The Debtors filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on February 16, 1981 and under Schedule B–4 they claimed their residence situated on Porter's Point Road, Colchester, Vermont, exempt under Vermont Statute, specifically 27 V.S.A. § 101. This statute exempts from attachment and execution the homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $30,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues profits and products thereof. Schedule A–2 lists the Internal Revenue Service as a secured creditor in the sum of $4,531.00 with the security listed as "Residence."

Although there was no testimony adduced at the hearing on the Motion to Dismiss the Memorandum of the Internal Revenue Service in support of its position indicates that the tax lien resulted from the failure of the Plaintiffs to pay withholding taxes collected from the employees of the Plaintiffs. This was not disputed by the Debtors.

Under § 522 of the Bankruptcy Code a debtor may exempt, if he chooses the state exemptions which was done in this case, a homestead not exceeding $30,000.00 in value. Internal Revenue Service concedes such an exemption but claims that the lien for taxes may still be enforced against the homestead property since withholding taxes are non-dischargeable debts. It refers to § 522(c)(1) which provides:

"Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen, before the commencement of the case, except—

> (1) a debt of a kind specified in section 523(a)(1) of section 523(a)(5) of this title..."

Internal Revenue Service contends that it comes within the exception under § 523(a)(1) which makes non-dischargeable a tax or a customs duty of the kind and for the periods specified in section 507(a)(2) or 507(a)(6). It relies specifically on § 507(a)(6)(C) which establishes priority for allowed unsecured claims of governmental units, to the extent that such claims are for a tax to be collected or withheld or for which the debtor is liable in whatever capacity.

The Debtors argue that since both § 507(a)(2) and § 507(a)(6) apply to *unsecured* claims and *not to secured* claims for taxes arising from liens imposed upon the property, this tax claim of Internal Revenue Service is dischargeable. It is true that § 507(a)(2) and § 507(a)(6) both apply to unsecured claims and at first blush it would appear that the Debtors have made a point. However, it seems illogical that it was the intent of Congress to make unsecured claims for taxes non-dischargeable while at the same time rendering a claim for taxes dischargeable if the governmental unit has taken steps to enforce payment of an undischargeable tax claim by imposing a lien on the taxpayer's property.

The Legislative History of the Bankruptcy Code, as aptly pointed out by the Internal Revenue Service in its second Memorandum, supports the position that the legislative intent was to make secured as well as unsecured claims for taxes non-dischargeable.

See Collier 15th Edition Appendix 3, Senate Report No. 95–989, 95th Cong. Second Session (1978) at pages 77–78, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5863 as follows:

"Subsection (a) lists nine kinds of debts excepted from discharge. Taxes that are excepted from discharge are set forth in paragraph (1). These include claims against the debtor which receive priority in the second, third and sixth categories (§ 507(a)(3)(B) and (C) and (6)). These categories include taxes for which the tax authority failed to file a claim against the estate or filed its claim late. Whether or not the taxing authority's claim is <u>secured</u> will also not affect the claim's non-dischargeability if the tax liability in question is otherwise entitled to priority." (Underscoring supplied.)

The recent case of *In re Sechrist*, 9 B.R. 862, 7 BCD 464, Bkrtcy.W.D.N.Y.1981, supports the position of the Defendant, Internal Revenue Service. See page 485 where the Court in construing a state tax lien said "Reading § 522 as a whole it appears that Congress desires to relieve the debtor under § 522(f) of any impairment of his exemptions which arose by way of a judicial lien. However, in § 522(c) they insulated exempt property from prepetition claims only to the extent that they were not tax claims or certain other claims. The bankruptcy discharge does not prevent the enforcement of valid liens and taxes which are nondischargeable may be collected from exempt assets. Therefore, it would be futile to grant a § 522(f) motion with regard to nondischargeable taxes. The New York State Tax Commission may continue to enforce their lien against the property of the debtor and the § 522(f) motion to the extent it seeks to exempt the real property of the debtor from the lien of the tax is denied and it is so ordered."

## ORDER

Now, upon the foregoing,

IT IS ORDERED that the Complaint of the Plaintiffs to Determine Dischargeability filed March 6, 1981 is DISMISSED.