In re Michael PAYEUR d/b/a Installations Unlimited, Debtor.

Thomas F. MALONE, Jr., Trustee, Plaintiff-Appellee,

v.

Marjorie A. PAYEUR, et al., Defendants-Appellees,

and

United States of America, Defendant-Appellant.

No. 82–9015.

United States Bankruptcy Appellate Panel for the First Circuit.

Aug. 19, 1982.

Glenn L. Archer, Jr., Asst. Atty. Gen., D. Patrick Mullarkey, John P. McAllister, Attys., Tax Div., Dept. of Justice, Washington, D. C., Richard S. Cohen, U. S. Atty., Portland, Maine, for defendant-appellant.

Before LAWLESS, Chief Judge, and GLENNON and LAVIEN, Bankruptcy Judges.

LAWLESS, Chief Judge:

This appeal is taken from an order of the bankruptcy court directing the Trustee to pay the sum of $6,300.00 to the Debtor for his homestead exemption.

This case was commenced under Chapter 7 of the Bankruptcy Code 11 U.S.C. § 101 et seq. ("Code").[1] On November 23, 1981, the Trustee filed a Complaint to Sell Real Estate Free and Clear of Liens. A hearing on the complaint was held on November 30, 1981 at which the Trustee, counsel for the Debtor and his spouse, and counsel for the Appellant, the United States of America, were present. The parties agreed that a sale of the property free and clear of liens was in the best interests of the estate. On December 1, 1981, the bankruptcy court entered an order approving the sale. That order stated in part as follows:

> 5. (a) From the Trustee's portion of the proceeds, the Trustee shall pay at time of closing the sum of $6,300.00 to the debtor for his "Homestead Exemption" pursuant to Section 522(d)(1) of Title 11, United States Code.

---

1. Bankruptcy Reform Act of 1978, Pub.L. No.     95–598, 92 Stat. 2549 (1978).

(b) The balance of said proceeds shall be held by the Trustee subject to the liens of the United States of America (Internal Revenue Service) and Maine National Bank to the extent that they are valid and in such amounts and priorities as may be further determined by this Court and free and clear of all other liens and encumbrances.

Pursuant to that order, the sale was held and the Trustee paid $6,300.00 of the proceeds to the Debtor.

On December 14, 1981, the United States filed a Motion to Alter or Amend Judgment. The United States requested that the portion of the court's order of December 1, 1981 set forth above be amended to provide as follows:

5. The Trustee's portion of the proceeds shall be held by the Trustee subject to the tax liens of the United States of America and the liens of the Maine National Bank to the extent that these liens are valid and in such amounts and priorities as may be further determined by this Court and free and clear of all other liens and encumbrances.

The United States also requested that the court order the Debtor to return the $6,300.00 paid to him by the Trustee. Hearings on this motion were held on January 22, 1982 and March 9, 1982. On March 15, 1982, the bankruptcy court entered an order denying the motion to alter or amend. The court based this decision on its finding that Appellant had consented to the order of December 1, 1981. The court commented that the Debtor had received the $6,300.00 and returned to his home on the west coast and that he might be financially unable to comply with an order directing an immediate return of the funds. The court noted that the Debtor was not a party to the adversary proceeding out of which the original order issued and that an order directing him to return the funds might be improper.

Additionally, the court stated that the Appellant had other remedies available to it to collect its claim which was not discharged in bankruptcy.

On March 24, 1982, the United States filed a notice of appeal to this panel from the bankruptcy court's orders of December 1, 1981 and March 15, 1982. The United States filed its designation of record and statement of issues on appeal on April 5, 1982.

In its brief, Appellant states that the Debtor was a responsible officer of Port City Carpet, Incorporated and that the Internal Revenue Service made an assessment against him in the amount of $9,845.40 for that corporation's unpaid federal withholding taxes. Appellant states that after the I.R.S. gave the Debtor notice of the assessment and made demand for payment, the Debtor failed to fully pay the assessment and that, as a result thereof, federal tax liens arose under §§ 6321 and 6322 of the Internal Revenue Code of 1954 and attached to all of the Debtor's property and rights to property including the real estate subsequently sold by the Trustee. Notice of these federal tax liens was properly filed prior to the date on which the debtor filed his Chapter 7 petition.

Appellant contends that the $6,300.00 exempted by the Debtor under § 522(d)(1) of the Code [2] was liable during and after the case for the tax claims of Appellant under § 522(c) of the Code. Section 522(c) provides as follows:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title; or

2. Section 522(d)(1) states as follows:
(d) The following property may be exempted under subsection (b)(1) of this section:
(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

(2) a lien that is—

(A) not avoided under section 544, 545, 547, 548, 549 or 724(a) of this title;

(B) not voided under section 506(d) of this title; or

(C)(i) a tax lien, notice of which is properly filed; and

(ii) avoided under section 545(2) of this title.

Appellant asserts that the tax claims in issue are a non-dischargeable debt under § 523(a)(1)(A) of the Code and that the tax liens securing those claims have not been avoided under §§ 544, 545, 547, 548, 549 or 724(a) of the Code. Thus, Appellant states that its tax liens are enforceable against the Debtor's exempt property under § 522(c)(1) and (2). In support of its argument, Appellant cites *In re Latulippe*, 13 B.R. 526 (Bkrtcy.D.Vt.1981) and *In re Sechrist*, 9 B.R. 862 (Bkrtcy.W.D.N.Y.1981). Appellant concludes that the bankruptcy court's distribution of funds to the Debtor for his exemption was beyond the court's powers under § 522. We do not and cannot consider the merits for the following reasons.

The bankruptcy judges finding that Appellant consented to the court's order of December 1, 1981 cannot be set aside unless clearly erroneous. First Circuit Rules Governing Appeals From Bankruptcy Judges to District Courts, Appellate Panels and Court of Appeals. ("Appellate Rules"), Rule 16; *In re Rapid Motor Lines, Inc.*, 223 F.Supp. 469 (D.Conn.1963); *In re Garland*, 6 B.R. 456 (Bkrtcy.1st Cir. 1980).

■ The record on appeal must disclose the factual and legal basis for the order under review. Rule 7 of the Appellate Rules governs the record and issues on appeal and provides in pertinent part as follows:

[T]he appellant shall file with the bankruptcy clerk and serve on the appellee a designation of the contents for inclusion in the record on appeal and a statement of the issues he intends to present on appeal . . . If the record designated by any party includes a transcript of any proceeding or a part thereof, he shall

immediately after the designation, order the transcript and make satisfactory arrangements for payment of its cost.

It is apparent from this rule and applicable case law that the responsibility for presenting an adequate record on appeal rests squarely with the appellant. *In re Schnabel*, 612 F.2d 315 (7th Cir. 1980); *In the Matter of Pyramid Mobile Homes, Inc.*, 531 F.2d 743 (5th Cir. 1976). Such record "should contain the documentation necessary to afford the reviewing court a complete understanding of the case". *In re T. Michaelis Corvette Supplies, Inc.*, 14 B.R. 365, 367 (Bkrtcy.N.D.Ohio 1981). Appellant's responsibility includes providing the court with an adequate transcript. *In re Crystal Beach Manor, Inc.*, 649 F.2d 213 (4th Cir. 1981).

■ Although three separate hearings were held regarding the orders in question, the record before us does not contain a single transcript. Due to the incompleteness of the record, we are unable to consider the factual basis for the bankruptcy judge's finding of consent. As it is Appellant's duty to arrange for this panel to have an adequate record on which to consider its argument, we conclude that Appellant has not met its burden of proving that the bankruptcy judge's finding of consent was clearly erroneous. *Cf. In re Schnabel, supra.*

■ The bankruptcy judge's Order of March 15, 1982 denying Appellant's motion to alter or amend was clearly proper. Through that motion, Appellant sought a return of the monies paid to the Debtor by the Trustee. Such relief falls within the scope of Bankruptcy Rule 701(1) regarding adversary proceedings. The Debtor is not a party to the adversary proceeding out of which this appeal arises. Appellant failed to join the Debtor in that action or to commence a separate action against him. Appellant's argument that an order may issue against the Debtor because his spouse is a party to the original adversary proceeding is without merit. A party in possession of real or personal property is a necessary

and indispensable party to an action to recover such property. *Zig Zag Spring Co. v. Comfort Spring Corp.*, 89 F.Supp. 410 (D.N. J.1950). Under Bankruptcy Rule 719(c), the Debtor is an indispensable party and the bankruptcy judge correctly refused to order him to return the funds in question. Further, the Debtor is not a party to this appeal. No effective relief can be granted in his absence. *See In re Royal Properties, Inc.*, 621 F.2d 984 (9th Cir. 1980); *In re*

*Income Property Builders, Inc.*, 8 B.R. 304 (Bkrtcy. 9th Cir. 1980).

Accordingly, the orders of the bankruptcy judge are affirmed.