**In re Fred SAFKA, Patricia Safka, Debtors.**

**VERMONT DEPARTMENT OF TAXES, Plaintiff,**

v.

**Fred SAFKA, Patricia Safka, Defendants.**

Bankruptcy No. 81–00204.
Adv. No. 82–0082.

United States Bankruptcy Court, D. Vermont.

Oct. 1, 1982.

George Brooks, Montpelier, Vt., for Vermont Dept. of Taxes.

Richard L. Hill, Rutland, Vt., for debtors as defendants.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Complaint of the Vermont Department of Taxes to Determine Dischargeability of a debt and for a money judgment filed June 14, 1982 came on for hearing, after the issuance of a Summons and Notice of Trial.

Rather than an evidentiary hearing, the parties filed a Stipulation which reads as follows:

"1. The Debtors are jointly and severally indebted to the Vermont Department of Taxes in the total amount of $24,847.13 for meals and rooms and withholding tax arising out of their operation of the Willoughvale Inn in Westmore, Vermont.

"2. The total indebtedness described in the preceding paragraph is made up of base tax, penalty, interest, and late fees, breaking down as follows:

| Type Tax | Tax | Interest | Penalty | Late Fees | Payments | Balance Due |
|---|---|---|---|---|---|---|
| WH | 3,626.75 | 361.36 | 495.65 | 296.00 | 1,381.01 | 3,398.75 |
| MR | 39,563.29 | 6,478.53 | 5,603.66 | 444.00 | 30,641.10 | 21,448.38 |
| TOT | 43,190.04 | 6,839.89 | 6,099.31 | 740.00 | 32,022.11 | 24,847.13 |

"3. The parties are unable to stipulate as to the amount of the indebtedness that is secured.

"4. If the Court finds, after reviewing the memoranda of the parties, that the secured or unsecured nature of the Department's claim is relevant to the dischargeability of the underlying indebtedness, it appears that a hearing will be necessary to determine the extent of the Department's secured position."

The Vermont Department of Taxes filed its secured and priority claim in the total sum of $23,944.83 on November 9, 1981 of which $8,854.22 was claimed as secured by virtue of a filing of a Notice of a Tax Lien in the office of the Town Clerk of Westmore, Vermont, where the property of the Debtors is located. This claim was for meals and rooms, withholding and property transfer taxes. It was amended by a filing on March 29, 1982 to include additional withholding and meals and rooms tax for a total sum of $27,255.64, which apparently included penalties and interest.

The allegations in the Complaint of the Vermont Department of Taxes relating to the property transfer tax have been withdrawn so that the only issue to be determined is whether the withholding taxes and the meals and rooms taxes imposed upon the Debtor are dischargeable.

The Debtors contend that § 523(a)(1)(A) makes nondischargeable "any debt for a tax or a customs duty of the kind and for the periods specified in section 507(a)(2) or 507(a)(6) of the Bankruptcy Code, whether or not a claim for such tax was filed or allowed." They argue that § 507(a)(6) specifically states that only unsecured claims of government are afforded the status of non-dischargeability. The Debtors assert that the Tax Department had the option of perfecting its lien for taxes and thereby becoming secured or remaining unsecured and thereby preserving its right to non-dischargeability of the tax claim.

The Court does not agree with the argument made by the Debtors. § 523(a)(1)(A) makes non-dischargeable a debt of an individual debtor for a *tax* of the kind specified in § 507(a)(6) of the Bankruptcy Code. It is true that this latter section refers to

"allowed unsecured claims of governmental units . . ." and they are given priority for certain taxes. However, the exception of undischargeability under § 523 refers to a *tax* of the kind which is specified under subparagraph (a)(6) of § 507.

The kinds of taxes specified are recited under subparagraphs A–E and include under C "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." The withholding and the meals and rooms taxes assessed by the Tax Department against the Debtor fall within this specified tax. 32 V.S.A. 5841, 5842 and 32 V.S.A. 9241, 9242, respectively. Therefore, they are excepted from the discharge within the purview of § 523(a)(1)(A) of the Bankruptcy Code.

The fact that the *claim* of the Vermont Tax Department is secured or unsecured is immaterial. The Legislative History relating to this section confirms this conclusion. See Collier 15th Edition Appendix 3, Senate Report No. 95–989, 95th Cong. Second Session (1978) at pages 77–78, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5863 as follows:

"Subsection (a) lists nine kinds of debts excepted from discharge. Taxes that are excepted from discharge are set forth in paragraph (1). These include claims against the debtor which receive priority in the second, third and sixth categories § 507(a)(3)(B) and (C) and (6). These categories include taxes for which the tax authority failed to file a claim against the estate or filed its claim late. Whether or not the taxing authority's claim is secured will also not affect the claim's nondischargeability if the tax liability in question is otherwise entitled to priority." (Underscoring supplied.)

The same issue raised in this case has been before this Bankruptcy Court. It involved a secured claim of the Internal Revenue Service and the Debtor likewise contended that the claim was dischargeable since it did not constitute an unsecured claim of a governmental unit. The Court rejected that argument and made this observation:

"It is true that § 507(a)(2) and § 507(a)(6) both apply to unsecured claims and at first blush it would appear that the Debtors have made a point. However, it seems illogical that it was the intent of Congress to make unsecured claims for taxes non-dischargeable while at the same time rendering a claim for taxes dischargeable if the governmental unit has taken steps to enforce payment of an undischargeable tax claim by imposing a lien on the taxpayer's property." *In Re Latulippe v. Internal Revenue Service,* 13 B.R. 526, 527.

## ORDER

Now, therefore, in accordance with the foregoing,

IT IS ORDERED as follows:

1. The claim of the Vermont Department of Taxes for withholding and meals and rooms taxes in the sum of $24,847.13 is non-dischargeable.

2. October 21, 1982 at 2:00 P.M., Vermont District Courtroom, 92 State Street, Rutland, Vermont, is hereby fixed for a hearing to determine what portion of said claim should be allowed as SECURED.