**In re Glenn B. VICTOR, Debtor.**

**UNITED STATES of America, Appellant,**

v.

**Glenn B. VICTOR, et al., Appellees.**

**In re John Lee and DeJuana Elaine BRUMBACK dba Brumback Trucking, Debtors.**

**UNITED STATES of America, Appellant,**

v.

**John Lee BRUMBACK, et al., Appellees.**

Nos. 95–C–0196–S, 95–C–0381–S. Bankruptcy Nos. 86A–02445, 82C–02723. Adversary Nos. 94PA–2044, 94PC–2222.

United State District Court, D. Utah, Central Division.

April 18, 1996.

Scott M. Matheson, Jr., Salt Lake City, UT, Virginia Cronan Lowe, Robert McIntosh, U.S. Dept. of Justice, Washington, DC, for petitioners.

Gayle D. Hunt, Gayle Dean Hunt & Assoc., Salt Lake City, UT, Steven A. Wuthrich, Sandy, UT, Duane H. Gillman, McDowell & Gillman, Stephen W. Lewis, Utah Atty. Gens. Office, Winston M. Faux, Dept. of Employment Security, Noel S. Hyde, Nielsen & Senior, Salt Lake City, UT, Steven F. Allred, Orem, UT, for respondents.

## MEMORANDUM DECISION

SAM, District Judge.

Before the court are consolidated appeals from rulings[1] of the bankruptcy court the essence of which is that the United States' claim for postpetition, preconfirmation interest ("gap period" interest) is unenforceable.[2]

The court reviews legal determinations of the bankruptcy court *de novo*. The court must accept the bankruptcy court's factual findings unless they are clearly erroneous. *In re Branding Iron Motel, Inc.*, 798 F.2d 396, 399–400 (10th Cir.1986).

The facts of each case are adequately set forth in the pleadings and the court will not repeat them here. In brief, however, the debtors in each case filed a petition for relief under Chapter 11 of the Bankruptcy Code. The United States filed claims for unpaid taxes. Apparently all issues were resolved except the dischargeability of gap period interest on the United States' secured claims. Gap period interest refers to the interest claimed owing by the United States from the date the debtors' bankruptcy petition was filed until the date of confirmation of the debtors' plan of reorganization. The United States' secured claims consisted of prepetition employee withholding and FICA tax obligations.

---

1. In *Victor* the United States appeals from the bankruptcy court's Order Denying Post Confirmation of the Internal Revenue Service and Judgment Thereon entered December 28, 1994. In *Brumback* the United States appeals the bankruptcy court's award of Summary Judgment entered March 14, 1995.

2. The United States has abandoned its appeal of the bankruptcy court's order Distributing Remaining Sale Proceeds entered in *Victor* Dec. 28, 1994.

## I. *DISCUSSION*

The issue on appeal is whether the bankruptcy court erred in ordering that the United States' claim for gap period interest is discharged/unenforceable. The United States' position is that while under 11 U.S.C. § 502 the obligation for gap period interest is not a valid claim against the debtors' bankruptcy estate, as it is a claim for unmatured interest, it survives the debtors' Chapter 11 discharge and may be collected from the debtor following consummation of the plan of reorganization. The debtors' position, on the other hand, is that the binding nature of the plan of reorganization under 11 U.S.C. § 1141(a), when considered together with the provisions of 11 U.S.C. § 523(a)(1)(A) and § 507(a)(7) in effect prior to October 22, 1994, do not permit enforcement of secured gap period interest neither included in the confirmed plan, nor asserted by the IRS at the time of confirmation of the plan.

■ As a general rule, the interested parties are bound by the terms of a confirmed plan. *See* 11 U.S.C. § 1141(a) ("Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor . . ."). The discharge of a Chapter 11 debtor is governed by § 1141(d) of the Bankruptcy Code which provides in relevant part as follows:

(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation . . .

(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.

11 U.S.C. § 523(a) in turn provides, in part, as follows:

**3.** The Bankruptcy Reform Act of 1994 added a new Section 507(a)(7) and renumbered the prior Section 507(a)(7) as 507(a)(8). *See* Pub.L. No. 103–394, § 304(c), 108 Stat. 4106. However,

A discharge under section . . . 1141 . . . of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed.

The relevant section to these appeals, 11 U.S.C. § 507(a)(7),[3] by virtue of the reference in § 523(a)(1) defines the kinds of taxes not subject to discharge:

(7) Seventh, allowed unsecured claims of governmental units; only to the extent that such claims are for—

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

(D) an employment tax on wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;

11 U.S.C. § 507(a)(7).

The United States contends that liabilities for employee withholding and FICA taxes are clearly "taxes of a kind" specified in § 507(a)(7)(C) and (D) and, thus, are nondischargeable. The United States urges, therefore, that its claim for gap period interest on these nondischargeable tax liabilities is also non-dischargeable.

■ In interpreting a federal statute, the court looks first to the statutory language and then to the legislative history if the statutory language is unclear. *Toibb v. Radloff,* 501 U.S. 157, 161–63, 111 S.Ct. 2197, 2200, 115 L.Ed.2d 145 (1991). A court need not examine a statute's legislative history when the statute is unambiguous. *Patterson v. Shumate,* 504 U.S. 753, 760–62, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992). The court agrees with the debtors that the word "unsecured" in 11 U.S.C. § 507(a)(7) is not ambiguous. Section 507(a)(7), when read to-

the amendments do not apply to cases filed before October 22,1994 (the date of enactment). *Id.* at ¶ 702(b). As a result, all references will be to former Section 507(a)(7).

gether with § 523(a)(1), provides that only "allowed unsecured claims" are nondischargeable. The meaning of the statute is clear. Inasmuch as the United States' claim for gap period interest is asserted as a secured claim, rather than an unsecured claim, it is not "of the kind" specified in § 507(a)(7). Any other reading of § 507(a) renders the word "unsecured" in the statute meaningless. The court is not persuaded by the United States' reliance on *In re Latulippe*, 13 B.R. 526 (Bankr.D.Vt.1981) and *In re Safka*, 24 B.R. 87 (Bankr.D.Vt.1982). Those cases, authored by the same judge, not only went beyond the statutory language to look at the legislative history, but also relied only on the Senate version of the history.

The court's decision is further supported by *In re Reichert*, 138 B.R. 522 (Bankr. W.D.Mich.1992). In examining whether the secured claims of the IRS should be paid pursuant to the requirements of 11 U.S.C. § 1129(a)(9)(C), that court rejected the IRS's argument that its claims were of "a kind specified in section 507(a)(7)" and included both secured and unsecured tax claims. *Id.* at 526. The court reasoned as follows:

> A priority unsecured claim differs from a secured claim. Creditors secured by a lien need and deserve no special treatment. Their claims against the estate are secured by property that cannot be dissipated through payment of other creditors.
>
> . . . . .
>
> ■ Section 506 of the Bankruptcy Code establishes the value and extent to which a creditor possesses a secured claim against the debtor's bankruptcy estate.... Section 507 establishes an entirely different status of claims. Each subsection of § 507 explicitly limits its application to unsecured claims. Over and over again section 507 clearly states that its provisions for priority payment extends only to unsecured claims. There would be no need for anything else with secured creditors already directing their attention not toward the bankruptcy estate but to the property encumbered by their lien. Secured and priority claims are separate types of claims and deserve different treatment. The conclusion is inescapable that a claim cannot be both secured and deserving of priority status under § 507 at the same time.

Both are unique under the bankruptcy laws.

The court agrees with the debtors that § 507(a)(7) must be interpreted for purposes of § 523 consistent with its interpretation for purposes of § 1129. *See Patterson v. Shumate*, 504 U.S. 753, 766–67, 112 S.Ct. 2242, 2251, 119 L.Ed.2d 519 (1992) (Scalia, J. concurring).

Nothing in the plan of reorganization or order of confirmation reserves or exempts from discharge the United States claim for gap period interest. Inasmuch as postpetition interest on a secured claim of the United States does not fit within the type or characterization of claims identified in § 523(a)(1) and § 507(a)(7), such claim is dischargeable pursuant to § 1141. The dischargeability of the United States' secured claims precludes the enforcement or collection of any interest claimed by the United States that is not provided for in the plan of reorganization.

## II. *CONCLUSION*

For the foregoing reasons, as well as those additional reasons outlined by the debtors in their pleadings, the court affirms the orders of the bankruptcy court.

