**In re Costas J. GUST, Debtor.**

**Costas J. Gust, Movant,**

v.

**United States of America acting by and through the Internal Revenue Service, Respondent.**

**Bankruptcy No. 97–30457.**

United States Bankruptcy Court,
S.D. Georgia,
Dublin Division.

Sept. 28, 1998.

Edward B. Claxton, III, Attorney at Law, Dublin, GA, for Debtor.

Brian P. Kaufman, Trial Attorney, Civil Trial Section, U.S. Dept. of Justice, Washington, DC, for United States of America.

### ORDER

JOHN S. DALIS, Chief Judge.

The debtor, Costas J. Gust ("Debtor"), objects to the secured status of the claim filed by the United States of America acting by and through the Internal Revenue Service, ("IRS"). Based upon the submitted stipulations of facts and documents, the letter briefs submitted by the parties, and applicable authorities, Debtor's objection to the status of the claim of the IRS as secured is overruled.

On May 25, 1989, the IRS assessed a Trust Fund Recovery Penalty in the amount of $18,413.85, plus statutory interest, against the Debtor. This assessment was made against Debtor upon the failure of Con–Fleet Enterprises, Inc., for which Debtor was a responsible officer, to pay its Form 941 federal employment tax obligations from June 30, 1986 through March 31, 1989. The IRS filed a Notice of Federal Tax Lien against the real and personal property of Debtor on August 16, 1989. On August 29, 1994, Debtor filed a chapter 7 bankruptcy case in the United States Bankruptcy Court for the Southern District of Georgia. At the time of the filing of the chapter 7 petition Debtor did not own any real property but did list on his schedules personal property with a value of $19,821.00, all of which was listed as exempt. Therefore, as a no-asset case, no claims were

required to be filed by creditors; and the IRS did not file a claim. Debtor was granted a discharge on February 9, 1995. On April 3, 1995, the IRS filed a corrected Notice of Federal Tax Lien in order to extend the effective period of the lien from six years to ten years, expiring June 24, 1999.

On September 10, 1997, Debtor filed this chapter 13 bankruptcy case. Debtor again did not list any real property but did schedule $51,420.00 in personal property. From this personal property, Debtor claimed exemptions totaling $47,320.00. The IRS timely filed a proof of claim on December 16, 1997, with amendments made on May 29, 1998. The amended proof of claim of the IRS listed a secured claim in the amount of $50,255.83 and an unsecured claim of $2,356.43 for a total claim of $52,612.26. The secured claim is based solely upon the same federal tax lien of record prior to the chapter 7 petition. Debtor objected to the claim, asserting that the allegedly secured portion of the claim is unsecured, or in the alternative, was secured at the time of the chapter 7 petition and therefore was subsequently discharged.

Debtor alleges that at the time of the chapter 7 bankruptcy petition the debt due the IRS was completely secured by the exempt property and was therefore discharged pursuant to 11 U.S.C. § 727. The IRS, while acknowledging that a filed claim concerning the federal tax lien in the chapter 7 case would have been secured, contends that because no claim was ever filed there was never a formal determination as to the status of their claim. The IRS further asserts that even if their claim had been determined to be secured, pursuant to 11 U.S.C. § 523(a)(1)(A) the debt evidenced by any claim was excepted from discharge; and therefore the prior chapter 7 case has no bearing on the claim treatment in the current chapter 13 case. The IRS alleges that their claim survived the chapter 7 discharge and is now properly listed as secured. I agree with the IRS' analysis that under § 523(a)(1)(A)[1] the de-

---

1. 11 U.S.C. § 523(a)(1)(A) provides in part relevant here. (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

terminative factor is the type of debt as described in § 507(a)(8) [2] not the status of a possible claim.

■ Bankruptcy Code § 523(a)(1)(A) excepts from a chapter 7 discharge any debt for a tax of the kind and for the periods specified in § 507(a)(8). This exception to discharge applies whether or not a claim for such tax was filed or allowed in the chapter 7 case. For § 523(a)(1)(A) nondischargeability purposes, § 507(a)(8) describes the kind of tax giving rise to the debt that is nondischargeable regardless of whether a claim was filed or allowed in the chapter 7 case. In this case, the taxes at issue, a trust fund recovery penalty assessed against the Debtor as a responsible officer for the failure of an employer to pay Form 941 federal employment tax obligations are of the kind described in § 507(a)(8)(C), "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." *See Matter of Taylor*, 132 F.3d 256, 261 (5th Cir.1998) ("The responsible person penalty of § 6672 for withholding taxes falls within § 507(a)(8)(C)."); *In re Thomas*, 222 B.R. 742 (Bkrtcy.E.D.Pa.1998) (Trust fund taxes fall within ambit of § 507(a)(8)(C) and penalties relating to unpaid trust fund taxes are to be treated as the taxes they are related to.) Section 523(a)(1)(A) excepted from the chapter 7 discharge of the Debtor in his prior case the debt due the IRS based upon the assessment against the Debtor as the responsible officer for the failure to pay 941 federal employment tax obligations. The status of any possible claim for this debt in the Debtor's chapter 7 case is irrelevant for dischargeability purposes.

■ "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' " *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)); *see also In re Burns*, 887 F.2d 1541, 1544 (11th Cir. 1989) (An ambiguity in the language of a statute must exist before a court can look beyond the language of a statute and to the comments of the legislature.). There is no ambiguity in § 523(a)(1)(A). Section 523(a)(1)(A) addresses "debt" arising from "a tax", "of the kind" specified in § 507(a)(8), not debt evidenced by a claim described in § 507(a)(8). Decisions to the contrary apply the distribution scheme of § 507, specifically here subsection (a)(8), requiring an allowed unsecured claim, to a dischargeability determination under § 523(a)(1)(A) contrary to the specific language of that Code section, "whether or not a claim for such tax was filed or allowed." The Tenth Circuit, in *U.S. v. Victor*, 121 F.3d 1383 (10th Cir.1997), interpreted the reference to § 507(a)(8), formerly § 507(a)(7), in § 523(a)(1) to require the debt be evidenced by an allowed unsecured claim relying in part on the legislative history of § 507. The *Victor* court stated,

> ... in the end, Congress omitted the language that would have brought both secured and unsecured claims under the purview of § 507. Though careful not to overemphasize the significance of the history of § 523(a)(1), we nonetheless find the progression of the provision's language more consistent with an interpretation upholding the distinction between unsecured and secured tax claims.

*Victor*, at 1389–90. Section 507 deals with the priority of distribution to creditors and that priority has nothing to do with nondischargeability. The plain language of § 523(a)(1)(A) is clear. The only significance of the reference to § 507(a)(8) is to the type of taxes identified in § 507(a)(8) not the type of claim. The analysis of the legislative his-

---

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

**2.** 11 U.S.C. 507(a)(8)(c) provides in part relevant here. (a) The following expenses and claims have priority in the following order ...

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—....

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity.

tory by the Tenth Circuit of § 507 is unnecessary and irrelevant to the interpretation of § 523. Thus, pursuant to § 523(a)(1)(A), an exception to a discharge under section 727 applies when there exists a debt for any tax, specified under § 507(a)(8). Meeting the requirements of § 523(a)(1)(A), the tax debt owed to the IRS was exempted from discharge under Debtor's chapter 7 case.

Having determined that the debt due the IRS for a trust fund recovery penalty was excepted from the Debtor's chapter 7 discharge, the federal tax lien attached to all pre and post chapter 7 filing property of the Debtor regardless of the exemptions claimed. *See Matter of Dishong,* 188 B.R. 51 (Bkrtcy. M.D.Fla.1995); *In re Olson,* 154 B.R. 276 (Bkrtcy.D.N.D.1993). The Debtor having scheduled property of a value of $52,612.26, the claim of the IRS secured in the amount of $50,255.83 and unsecured to the extent of $2,356.43 is allowable.

It is therefore ORDERED that the Debtor's objection to the claim of the United States of America acting by and through the Internal Revenue Service is OVERRULED.