PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/09/99
THOMAS K. KAHN
CLERK

_____

No. 99-10668

_____

D. C. Docket No. 98-56-CV-3

IN RE: COSTAS J. GUST,

Debtor.

COSTAS J. GUST,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, acting by and
through the Internal Revenue Service,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 9, 1999)**

Before BIRCH and HULL, Circuit Judges and HODGES[*], Senior District Judge.

_____

[*]Honorable William Terrell Hodges, Senior U.S. District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

We adopt the well-reasoned and thorough opinion of the district court in this case. The opinion of the district court is annexed hereto.

AFFIRMED.

IN RE:                          *
COSTAS J. GUST,                 *       Chapter 13 Case,
                                *       No. 97-30457
        Debtor.                 *
_____ *
                                *
                                *
COSTAS J. GUST,                 *
                                *
        Appellant,              *
                                *
v.                              *       CIVIL ACTION
                                *       CV 398-56
UNITED STATES OF AMERICA        *
acting by and through the       *
INTERNAL REVENUE SERVICE,       *
                                *
        Appellee.               *

_____

**O R D E R**

_____


The Appellant, Costas J. Gust, appeals the Bankruptcy Court's Order, <u>In re Gust</u>, 229 B.R. 44 (Bankr. S.D. Ga. 1998), overruling his objection to the Claim of the United States of America acting by and through the Internal Revenue Service (IRS). Jurisdiction to hear this appeal exists pursuant to 28 U.S.C. § 158 (a)(1). Upon review of the proceedings in the court below, the briefs submitted by the parties, and relevant statutory and case law, the Order of the Bankruptcy Court is hereby **AFFIRMED**.

## I. BACKGROUND

The facts in this case are not in dispute. During the 1980s, Costas J. Gust (Gust), was an officer of Con-Fleet Enterprises, Inc. (Con-Fleet). From June 1986 to March 1989, Con-Fleet failed

to pay all of its Form 941 federal employment tax obligations. Con-Fleet went out of business. Because Gust was a responsible officer, on May 25, 1989, the IRS assessed a Trust Fund Recovery Penalty against him pursuant to Section 6672 of the Internal Revenue Code. This penalty was assessed in the amount of $18,413.85, plus statutory interest. Subsequently, on August 16, 1989, the IRS filed a Notice of Federal Tax Lien against Gust's real and personal property.

On August 29, 1994, Gust filed for Chapter 7 bankruptcy protection, Case No. 94-30233, in the United States Bankruptcy Court for the Southern District of Georgia. At the time of the filing, Gust did not own any real property, but he did list on his bankruptcy schedules $19,821.00 in personal property, all of which was exempt. Thus, as a no asset case, the creditors were not required to file claims. Gust received a discharge on February 9, 1995.

On April 13, 1995, the IRS filed a corrected Notice of Federal Tax Lien with respect to the original lien. This correction extended the effective period of the lien from six years to ten years, making the lien effective through June 24, 1999.

Two years later, Gust filed the current Chapter 13 bankruptcy case. Again, Gust did not list any real property on his bankruptcy schedules. Gust, however, listed $51,420.00 in personal property of which he claimed exemptions totaling $47,320.00. The IRS timely filed a proof of claim on December 16, 1997, and amended the claim on May 29, 1998. In the amended proof of claim, the IRS listed a

secured claim for $50,255.83 and an unsecured priority claim for $2,356.43 with a total claim for $52,612.26. The secured claim included the Trust Fund Recovery Penalty of $18,413.85, plus accrued interest in the amount of $31,841.98.

Gust filed an objection to the IRS's claim contending that the claim was discharged in the Chapter 7 petition because the Bankruptcy Code § 523(a)(1)(A)[1] only excepts from a Chapter 7 discharge debts for taxes as specified in § 507(a)(8). [2] Specifically, Gust argued that the secured debt was discharged because § 507(a)(8) only excepts unsecured claims. The Bankruptcy Court disagreed. This appeal followed.

## II. ANALYSIS

On appeal, this Court cannot set aside factual findings of the Bankruptcy Court unless they are clearly erroneous. Bankruptcy Rule 8013; In re Club Assocs., 951 F.2d 1223 (11th Cir. 1992). However, legal conclusions by the Bankruptcy Court are reviewed by

---

[1] 11 U.S.C. § 523(a)(1)(A) provides:
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
    (1) for a tax or a customs duty--
        (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
(emphasis added).

[2] 11 U.S.C. 507(a)(8)(c) provides:
(a) The following expenses and claims have priority in the following order ...
    (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for--....
        (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity.
(emphasis added).

3

this Court de novo.  Id. at 1228; In re Thomas, 883 F.2d 991 (11th Cir. 1989).

A. DISCHARGEABILITY  OF TAX DEBTS UNDER 11 U.S.C. § 523

Gust argues that the Bankruptcy Court erred in concluding that § 523 (a)(1)(A) excepts secured claims from discharge.  Section 727 of the Bankruptcy Code provides that, "except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter." 11 U.S.C. § 727(b).  Under section 523 of the Bankruptcy Code, " a discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for a tax . . . of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed." Id. at § 523(a)(1)(A).  In other words, these sections clearly state that taxes listed in §§ 507(a)(2);(8) are not discharged.

Section 507 of the Bankruptcy Code establishes priorities for claims and expenses.  Id. at § 507(a).  Specifically, § 507(a)(8) gives eighth-level priority to " allowed unsecured claims of governmental units, only to the extent that such claims are for . . . (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." Id. at § 507(a)(8)(C) (emphasis added).  The Trust Fund Recovery Penalty for employment taxes is a "tax of the kind" found in § 507(a)(8)(C).  In re Haas, 162 F.3d 1087, 1089 (11th Cir. 1998).

4

Gust premises his objection and appeal on the grounds that because the IRS's claim was secured, the claim did not qualify as an exception to discharge because the introductory clause in § 507(a)(8) only references "allowed unsecured claims." In this regard, Gust argues that the IRS would only be able to recover unsecured claims, not the secured claim it is seeking. Although this position seems illogical, Gust has found nonbinding legal support for his claim. In support of his position, Gust relies on the Tenth Circuit Court of Appeals opinion in United States v. Victor, 121 F.3d 1383 (10th Cir. 1997). The Tenth Circuit in Victor held that by virtue of the introductory language in § 507(a)(8), § 523(a)(1)(A) includes only allowed unsecured claims for dischargeability purposes.

Victor was an appeal of two consolidated Chapter 11 bankruptcy cases concerning the issue of whether the IRS was entitled to post-petition, pre-confirmation interest on its secured claims--commonly referred to as "gap period interest." In both cases, assets were available for partial satisfaction of the secured creditors. The IRS participated in the confirmed plans but did not assert claims for gap period interest. Subsequently, the IRS informed the debtors that they were liable for gap period interest. In response, the debtors filed declaratory judgments in the bankruptcy court seeking a determination as to their liability for that interest.

The court of appeals conducted a statutory analysis of both § 523(a)(1)(A) and § 507(a)(8) and recognized that linguistic

5

imperfections arise with the interplay of the two statutes. The Victor court acknowledged that § 523(a)(1)(A) expressly provides that the taxes are not dischargeable whether or not a claim for such tax was filed or <u>allowed</u>. The court also recognized that the introductory clause in § 507(a)(8) only excepts <u>allowed</u> claims, which conflicts with § 523(a)(1)(A). Nevertheless, the <u>Victor</u> court ignored this conflict and applied the "unsecured" introductory language to § 523(a)(1)(A) dischargeability. Instead of focusing on the type of "tax", the <u>Victor</u> court focused on the type of "claim." This focus was in error.

Focusing on the type of claim ignores the express language concerning whether a claim is "allowed." In choosing to focus on the type of claim mentioned in the introductory language, the <u>Victor</u> court noted that the Eleventh Circuit Court of Appeals reached the opposite conclusion in <u>In re Gurwitch</u>, 794 F.2d 584 (11th Cir. 1986). <u>Gurwitch</u> similarly involved a claim made by the IRS after the confirmation of a Chapter 11 plan. The <u>Victor</u> court stated that the Eleventh Circuit "never considered the introductory language of § 507(a)(7) and thus avoided th[is] linguistic peril[]."[3] <u>Victor</u>, 121 F.3d at 1388. One could easily argue, however, that the Eleventh Circuit did not avoid a linguistic peril, but instead, the Tenth Circuit created one by its focus on the type claim.

---

[3] Section 507(a)(7) was renumbered as section 508(a)(8) by the Bankruptcy Reform Act of 1994.

The Bankruptcy Court, however, evaluated these seemingly inconsistent statutes in its Order and stated that

> [t]he status of any possible claim for this debt in the Debtor's chapter 7 case is irrelevant for dischargeability purposes.
>     "The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." There is no ambiguity in § 523(a)(1)(A). Section 523(a)(1)(A) addresses "debt" arising from "a tax", "of the kind" specified in § 507(a)(8), not debt evidenced by a claim described in § 507(a)(8).

In re Gust , 229 B.R. 44, 47 (Bankr. S.D. Ga. 1998) (internal citations omitted).

The Bankruptcy Court's decision is consistent with other opinions addressing this issue. In re Frengel, 115 B.R. 569, 571 (Bankr. N.D. Ohio 1989) (finding that a secured tax claim under § 523(a) is not discharged under § 727(a)); In re Latulippe, 13 B.R. 526 (Bankr. D. Vt. 1981). "While Sec. 507(a)(7) refers to 'unsecured claims', Congress did not intend to make unsecured claims for taxes nondischargeable and render taxes dischargeable where the government has imposed a lien on the taxpayers' property." Frengel, 115 B.R. at 571. "Congress stated: Whether or not the taxing authority's claim is secured will also not affect the claim's nondischargeability if the tax liability in question is otherwise entitled to priority." Id. (citing S.Rep. No. 95-989, 95th Cong., 2d Sess. (1978) at pp. 77-78, U.S. Code Cong. & Admin. News, 1978, pp. 5787, 5863). Similarly, the Latulippe court stated the it is illogical that Congress intended to make unsecured claims nondischargeable while rendering a claim dischargeable if the

7

government has sought to enforce payment by creating a lien. <u>In re Latulippe</u>, 13 B.R. at 527.

While the Bankruptcy Code generally favors a fresh start, "Congress has made the choice between collection of revenue and rehabilitation of the debtor by making it extremely difficult for a debtor to avoid payment of taxes under the Bankruptcy Code." <u>In re Gurwitch</u>, 794 F.2d at 585-86. Gust's position contravenes this policy and would result in illogical outcomes. Under Gust's reasoning, the tax debt would be nondischargeable only if the IRS had done nothing to secure the tax debt because it would be "unsecured" under § 507(a)(8). Here, the Bankruptcy Court was correct in concluding that "Section 523(a)(1)(A) addresses 'debt' arising from 'a tax', 'of the kind' specified in § 507(a)(8), not debt evidenced by a claim described in § 507(a)(8)." <u>In re Gust</u>, 229 B.R. at 47.

### III. CONCLUSION

Upon the foregoing it is hereby **ORDERED** the Bankruptcy Court's Order dated September 28, 1998 is **AFFIRMED**.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of April, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

8