**In re Patricia BARRANCO, Debtor.**

**Patricia Barranco, Plaintiff,**

**v.**

**United States of America, Defendant.**

**Bankruptcy No. 7–03–02176–7.**
**Adversary No. 7–03–00190.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

April 2, 2004.

James J. Wilkinson, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.

James C. Joyce, Roanoke, Virginia, for plaintiff.

Margaret K. Garber, Office of the U.S. Trustee, Roanoke, Virginia, trustee.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court arises on a motion of the United States of America to dismiss the debtor's complaint to determine the dischargeability of certain tax liability owed to the Internal Revenue Service. The IRS cites Federal Rule of Civil Procedure 12(b)(1) and (6) in support of its motion that this court lacks subject matter jurisdiction to adjudicate the complaint or,

in the alternative, that the complaint fails to state a claim upon which relief can be granted.

With respect to the issue of subject matter jurisdiction, the IRS casts the complaint in terms of a request by the debtor to determine her tax liability as opposed to the dischargeability of the indebtedness owed to the IRS. The debtor denies that the above-captioned complaint is designed to determine her tax liability.[1] The court holds that the decision of the Tax Court of the United States determining the debtor's tax liability in January of 2003 is determinative of the indebtedness owed. However, this court does have subject matter jurisdiction to determine whether that debt is dischargeable under 11 U.S.C. § 727(b) or comes within the exception language of section 727(b): "Except as provided in section 523 of this Title, ..."

11 U.S.C. § 523(a)(1)(A) excepts from the discharge of section 727(b) a tax of the kind and for the period specified in section 507(a)(8) of Title 11. The interpretation of 11 U.S.C. § 507(a)(8)(A) determines IRS's Rule 12(b)(6) motion. The only issue of interpretation is whether the language of section 507(a)(8) "allowed unsecured claims of governmental units" confines the denial of discharge provided for under 11 U.S.C. § 523(a)(1)(A) to unsecured claims of governmental units. In this case, the debtor alleges in her complaint that the IRS assessed income tax liability against her within 240 days of the filing of her petition for relief under Chapter 7 of the Bankruptcy Code in the above-captioned case. Also, there is no factual dispute that prior to the filing of her petition for relief the IRS filed a notice of tax lien so that as of the date of the filing of the debtor's petition IRS occupied the position of a secured creditor in her bankruptcy proceeding.

---

**1.** The Internal Revenue Service properly points out that the debtor's tax liability was determined by the Tax Court of the United States by order entered January 24, 2003, and attached to the motion to dismiss as Exhibit A(1/2).

Debtor's position is that because IRS was a secured creditor at the time of debtor's petition, its claim for income taxes owed is not included in the wording of 11 U.S.C. § 507(a)(8). As a result, the debtor reasons that the debt is not excepted from discharge under 11 U.S.C. § 523(a)(1)(A). The IRS takes the position that section 523(a)(1)(A) uses section 507(a)(8) solely to describe the "kind of" debt which is excepted from discharge and that the "kind of" debt in this case is that described in section 507(a)(8)(A): "a tax on or measured by income . . . ."

The parties submitted written memorandums of authority in support of their positions and argued the matter before the court at a hearing held on March 3, 2004, in Harrisonburg. Having considered the oral argument and the memoranda of both parties, the court is satisfied that the debtor advocates an erroneous application of the language of 11 U.S.C. § 507(a)(8). The debtor focuses on the "kind of claim" that the IRS holds as of the date of the filing of the petition and seizes upon the language in 11 U.S.C. § 507(a)(8) that allows only unsecured claims of governmental units to have priority of payment of claims. However, this court finds that the language of 11 U.S.C. § 523(a)(1) which excepts from discharge "any debt—(1) for tax . . . (A) of the kinds and for the period specified in § 507(a)(8) of this Title, . . ." points to the "kind of tax" and not the "kind of claim" as determinative of the discharge issue. The 11th Circuit Court of Appeals reached the same conclusion in *In re Gust*, 197 F.3d 1112 (11th Cir.1999). This court finds the reasoning of the *Gust*

court persuasive in the case at bar and holds that 11 U.S.C. § 523(a)(1) does not confine its exception to discharge to allowed unsecured claims of governmental units.[2]

### Conclusion:

The amount of the debt was determined by the Tax Court. The debtor cannot prove any set of facts that would entitle her to discharge of the income tax debt. Accordingly, dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate. *See, Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Accordingly, it is

### ORDERED:

That the Federal Rule of Civil Procedure 12(b)(6) motion for dismissal by the United States of America be, and it hereby is **GRANTED,** and the above-captioned adversary proceeding is **DISMISSED.**

---

**2.** The *Gust* court reasoned that it is illogical that Congress intended to make an unsecured claim nondischargeable, while rendering a claim dischargeable if the government tries to secure the claim by creating a lien. 197 F.3d at 1115 (citing *In re Latulippe*, 13 B.R. 526,

527 (Bankr.D.Vt.1981)). It would also contravene Congress' policy of making it extremely difficult for a debtor to avoid paying taxes under the Bankruptcy Code. *Id.* (citing *In re Gurwitch*, 794 F.2d 584, 585–86 (11th Cir.1986)).